The STATE of Ohio, Appellee,

v.

YOUNG, Appellant.

[Cite as *State v. Young* (1996), 115 Ohio App.3d 46.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17587.

Decided Oct. 30, 1996.

*Dwayne K. Jones*, Cuyahoga Falls Prosecuting Attorney, for appellee.

*Donald J. Malarcik, Jr.*, for appellant.

QUILLIN, Presiding Judge.

Alonzo D. Young appeals the sentence imposed by the Cuyahoga Falls Municipal Court following his conviction for misdemeanor theft. We vacate and remand.

Young was originally charged with grand theft auto. The prosecutor agreed to reduce the charge to petty theft, a first degree misdemeanor, in return for Young's guilty plea. The prosecutor also agreed to recommend to the trial court that Young be required to pay full restitution to the victim within one year and that any jail time should be suspended. On November 7, 1995, Young appeared in the Cuyahoga Falls Municipal Court to plead guilty to petty theft. At that time the court learned that Young had a prior criminal record. The court then ignored the prosecution's recommendations and sentenced Young to one hundred eighty days in jail (one hundred fifty days suspended) and fined him $1,000 plus court costs ($500 suspended). The trial court also ordered Young to make full restitution ($2,644.64) to the victim within six months.

Young asserts two related assignments of error on appeal:

Assignment of Error No. 1

"The trial court's imposition of imprisonment and a fine, coupled with a reduction of time within which appellant was required to pay, is erroneous as a matter of law."

Assignment of Error No. 2

"The trial [court] errered [*sic*] and abused its discretion by imposing a fine and imprisonment, coupled with a reduction of time within which appellant was required to pay."

Through his assignments of error Young essentially argues that the trial court abused its discretion by failing to consider the sentencing criteria of R.C. 2929.22 before the imposition of his sentence. Young contends that the trial court did not follow the statutory sentencing guidelines when it assessed the fine without

inquiring as to his ability to pay the fine and the hardship the fine would exact on him and his family.

R.C. 2929.22, which governs the imposition of sentencing for misdemeanor offenses, provides:

"(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.

"(F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

The legislature enacted R.C. 2929.22 in an attempt to regulate the trial court's broad discretion in sentencing criminal defendants. *State v. Stevens* (1992), 78 Ohio App.3d 847, 851, 606 N.E.2d 970, 972–973. A trial court must consider the criteria set forth in the statute and the failure to do so amounts to an abuse of the court's discretion. *Id.*

Upon reviewing the record here, we agree with Young that the trial court failed to consider the statutory criteria in imposing the fine. The trial court did not indicate the specific reason for imposing the fine in addition to the jail time. See R.C. 2929.22(E). Furthermore, defense counsel specifically reminded the court about its statutory duty and asked the court to inquire into Young's ability to pay a fine. See R.C. 2929.22(F). Yet despite having knowledge that Young may be indigent, the court did not undertake any inquiry as to his ability to pay a fine or the hardship a fine would impose upon him or his family. In fact, the trial court only responded, "You can take that argument to the Court of Appeals."

While we are not saying a trial court must always do so, where, as here, counsel reminds the court of its statutory duty and asks the court to inquire of the defendant, the failure to do so, without explanation, is error.

Under the facts of this case, we conclude that the trial court failed to comply with R.C. 2929.22(E) and (F). We remand this matter to the trial court for resentencing under the appropriate statutory criteria.

*Judgment accordingly.*

REECE and DICKINSON, JJ., concur.