JOURNAL ENTRY AND OPINION
Appellant Manuel E. Serrano contends that Cleveland Municipal Court Judge Mary E. Kilbane erred in her April 22, 1998 judgment of sentence accepting his plea of no contest on charges of telephone harassment, menacing, and violation of a temporary restraining order. He claims: denial of his due process and equal protection rights due to ineffective assistance of counsel; error in finding him guilty without establishing the facts upon which his "no contest" pleas were based; in finding him guilty of violating a temporary protective order with which he had not been served; in sentencing him on allied offenses in violation of the double jeopardy clauses of the Ohio and United States Constitutions; and in failing to consider sentencing criteria set forth in R.C. 2929.22. We disagree and affirm.
Serrano's estranged wife, Mary C. Serrano, signed two criminal complaints against him on March 26, 1998, asserting that he had called her that day and threatened her, and had also called their children's school and threatened to kill them.
The first complaint alleged that he had communicated with her in violation of the menacing ordinance, Cleveland Codified Ordinance 621.07, a misdemeanor of the fourth degree. This ordinance provides that "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family."
The second complaint alleged that his attempt to contact and threaten their children violated a civil protection order entered by the domestic relations division of the Cuyahoga County Common Pleas Court involving their pending divorce. Such contact allegedly violated Cleveland Codified Ordinance 609.08 which provides, in pertinent part, "[n]o person shall recklessly violate any terms of a protection order issued or consent agreement approved pursuant to Section 2919.26 or 3113.31 of the Revised Code or Section 609.07." Violation of this ordinance constitutes a misdemeanor of the fourth degree if the offender has not been previously convicted of violating this ordinance or R.C. 2919.27.
A third complaint, signed by Detective James Metzler of the Cleveland Police Department, alleged that Serrano violated the telephone harassment ordinance, Cleveland Codified Ordinance 621.10 (b), a misdemeanor of the first degree. The ordinance provides that "[n]o person shall make or cause to be made a telephone call or permit a telephone call to be made from a telephone under his control with purpose to abuse, threaten, annoy or harass another person. Metzler based this complaint upon information relayed to him by Joyce Needham, the principal of St. Patrick School. The sworn statement of facts submitted by Metzler, for the probable cause determination, stated that "[o]n or about March 26, 1998, Serrano called St. Patrick's School and threatened to kill his children as well as making allusions to coming to the school and shooting people."
Serrano was arrested on March 26, 1998. The following day he appeared before Judge Ralph J. Perk, Jr. and, through an attorney from the public defender's office, entered a not guilty plea on all charges. The transcript of those proceedings indicates that the judge entered a temporary protection order and set a bond of $50,000. The case was then assigned to Judge Mary E. Kilbane.
On April 2, 1998, Serrano, and an attorney hired for him by his brother, appeared before the judge and requested a reduction in bond. The motion was denied because one of the charges included a violation of a civil protection order entered in the divorce action. Serrano requested a psychological or psychiatric evaluation to which the judge agreed. Later that day, after six hours of discussions, Serrano appeared before the judge with his attorney and through the attorney withdrew his plea of not guilty, entered a plea of "no contest", waived the presentation of the evidence, and stipulated to a finding of guilty on the three charges.
The judge advised Serrano of his rights, the charges against him, and the possible penalties associated with those charges, including incarceration and fines. The judge also advised Serrano that his plea might jeopardize his status as a permanent resident of the United States and could result in deportation to Spain, his country of origin. Serrano asserted that he understood these rights and pleaded no contest to the three charges. The judge accepted the plea and referred the matter to the probation department.
Serrano appeared on April 21, 1998, and was sentenced to 180 days in jail and a $1,000 fine on the telephone harassment charge with the jail time and $900 of the fine suspended. He was sentenced to consecutive jail time of 30 days and a $250 fine on the menacing charge; with the jail time and $150 of the fine suspended. For violating the temporary protection order, he was sentenced to an additional 30 days, consecutive to the sentence on the menacing charge, and a $250 fine with the jail time and $150 of the fine suspended. He was placed on three years of active probation, with a warning that a single violation of probation would result in eight months in jail. The conditions of probation included the enrollment in the Batterer's Intervention Program; no contact with his wife, children, neighbors, wife's family or his children's school; mandatory mental health counseling with verification of his progress; notification to the court before any change in residence; and weekly meetings with the probation officer until otherwise modified by the court. This appeal followed.
Because of the similarity in the arguments Serrano presents in his assignments of error I, II, IV, and V, this court will consider them together.
 I. APPELLANT WAS DENIED HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10, OF THE OHIO CONSTITUTION BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT FAILED TO PROTECT APPELLANT'S RIGHT TO EFFECTIVE COUNSEL AND/OR TO CONSIDER THE UNDERLYING FACTS OF THE CHARGES.
 II. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY WITHOUT REQUESTING A STATEMENT OF THE FACTS FROM THE PROSECUTING ATTORNEY OR RECITING FACTS OF THE OFFENSES WHEN HE SUBMITTED A PLEA OF "NO CONTEST."
 IV. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF VIOLATING A TEMPORARY PROTECTIVE ORDER WHEN APPELLANT WAS NOT SERVED WITH THE PROTECTIVE ORDER.
 V. THE TRIAL COURT ERRED WHEN IT MADE A FINDING OF GUILT WITHOUT TAKING TESTIMONY AND AN EXPLANATION OF THE CIRCUMSTANCES.
Serrano claims that R.C. 2937.07 requires the judge to examine the evidence or hear an explanation of the circumstances of the offense, despite the fact that his attorney stipulated to his guilt. He submits the judge erred when she accepted his no contest plea and pronounced sentence without this examination.
He then argues the evidence presented to the court in support of the menacing charge negates the existence of an essential element of menacing. He contends he never spoke with his wife and he never threatened the principal or a member of the principal's family. The telephone harassment charge, he argues, had no basis because the purpose of his call was to speak to his son, and any threats made, after learning he could not do so, took place after the call was made and connected. He further submits that nothing in the record shows what the terms of the temporary protective order issued by the domestic relations judge may have been or that he was ever served with the order. On that basis, he argues, he could not have violated any restraints imposed on him by such order.
Serrano criticizes his lawyer for making an inefficient attempt to understand or argue the case because there was no investigation of the facts, no review of the temporary protective order that he had allegedly violated, and no witness interviews. He contends egregious error by his lawyer in advising him to plead "no contest" to offenses he may not have committed, to stipulating guilt and not advising him of the consequences of such plea.
The city counters that the judge did not have to support her finding of guilt on the plea of no contest by the requisite explanation of the circumstances because Serrano specifically waived that requirement and stipulated to a finding of guilt. In addition, because the presentation of the evidence was waived, Seranno cannot now argue facts not contained in the record.
The city rebuts Serrano's allegations of ineffective assistance of counsel as being nothing more than speculation. It suggests that during the six-hour period Serrano and his lawyer spent together, he clearly had time to discuss the facts underlying the charges and the effect of various pleas. Moreover, it contends, Serrano's testimony before the judge and his lawyer's comments on the record are evidence that Serrano understood the evidence supporting the charges and the effect of his plea.
Section 2937.07 of the Revised Code governs actions on pleas of "guilty" or "no contest" in misdemeanor cases. With a "no contest" plea, it provides:
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly.
A plea of no contest is not an admission of guilt; it is "an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11 (B) (2). If a judge finds sufficient facts to support a conviction, he must enter a finding of guilt upon the no contest plea. State v. Thorpe (1983), 9 Ohio App.3d 1,457 N.E.2d 912, paragraph two of the syllabus. If a judge does not find sufficient facts to support a finding of guilt, he may dismiss the charge or find the defendant guilty of a lesser included offense which is shown by those alleged facts. Id.
Under R.C. 2937.07, the record must provide an "explanation of circumstances" which includes a statement of the facts supporting all of the essential elements of the offense. Chagrin Falls v.Katelanos (1988), 54 Ohio App.3d 157, 561 N.E.2d 992, paragraph four of the syllabus; Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148,150, 459 N.E.2d 532. If the judge relies upon documentary evidence to support a finding of guilt, the record must reflect this reliance. Katelanos, supra; Cuyahoga Falls,supra. The mere fact that the record includes documents which show guilt is not enough. Katelanos, supra at 159.
The law, however, does not prohibit a defendant from waiving the "explanation of circumstances" requirement of R.C. 2937.07.State v. Ritch (May 11, 1998), Scioto App. No. 97CA2491, unreported, State v. Bolen (June 19, 1991), Medina App. No. 1986, unreported, Twinsburg v. Corporate Sec., Inc. (Feb. 21, 1996), Summit App. No. 17265, unreported.
Serrano, through his lawyer, entered a plea of no contest, waived the presentation of the evidence, and stipulated to a finding of guilt on the three charges. This waiver relieved the judge of her obligation to determine whether the explanation of circumstance provided sufficient evidence to support each element of the offense.
Assuming, arguendo, Serrano did not properly waive the explanation, this court would not reverse on that basis because he invited the error. Ritch, supra. Under the "invited error" doctrine, a reviewing court will not allow a party "to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. Beaver v. Konteh (1998),83 Ohio St.3d 519, 521, 700 N.E.2d 1256; State v. Nievas (1997),121 Ohio App.3d 451, 456, 700 N.E.2d 339. It is evident that the judge, at Serrano's invitation, dispensed with having the city give its explanation of circumstances.
Serrano's challenge to the merit of the charges, i.e., weight of the evidence, is also waived for appellate review because a plea of no contest is, in and of itself, a waiver of such error. Because a plea of no contest is an admission of the truth of the facts alleged in the indictment, information, or complaint, " Crim.R. 11 (B) (2) (emphasis added), a defendant cannot challenge the accuracy, veracity, or legitimacy of these facts on direct appeal from that plea.[1] Therefore, since Serrano effectively waived a challenge to the weight of the evidence through his plea of no contest, this argument is not properly before this court for review.
Finally, Serrano's challenge to the weight of the evidence also relates to his arguments on ineffective assistance of counsel. This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v.Tollivar (July 31, 1997), Cuyahoga App. No. 71349, unreported; see State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258,111 L.Ed.2d 830. Under Strickland, a reviewing court will not deem lawyer's performance ineffective unless the defendant can show that his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from that deficient performance. Bradley, supra at paragraph one of the syllabus.
To show such prejudice, a defendant must prove that, if it were not for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998),81 Ohio St.3d 673, 674, 693 N.E.2d 267; State v. Williams (1991),74 Ohio App.3d 686, 695, 600 N.E.2d 298, 304, dismissed, motion overruled (1991), 62 Ohio St.3d 1463, 580 N.E.2d 784. "`[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *'" Bradley, 42 Ohio St.3d at 142, 538 N.E.2d at 379-380, quoting Strickland, 466 U.S. at 689.
Serrano essentially claims that had his lawyer recognized that the city could not prove its case, he should never have been advised to enter a plea of no contest. Regrettably, he argues facts not in the record. Assuming, however, his allegations are correct, he had the option of presenting the facts supporting this position by asking the judge to vacate his plea in accordance with the requirements of Crim.R. 32.1 before his sentencing, or after his sentencing and prior to this appeal.[2] See generally State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715. Because he did not file such a motion, Judge Kilbane did not have the opportunity to review Serrano's alleged evidence and determine whether his lawyer's representation during the plea negotiations and subsequent plea constituted constitutionally ineffective assistance of counsel that would justify a withdrawal of the plea. See State v. Hamad (1989),63 Ohio App.3d 5, 7, 577 N.E.2d 111, motion for leave to appeal overruled (1989), 45 Ohio St.3d 716; see, also, Garfield Heightsv. Veeramani (Mar. 9, 1995), Cuyahoga App. No. 55839, unreported, (post — sentence motion). The alleged evidence is not part of the record and is not subject to consideration by this court. Based upon the record before us, this court cannot conclude that Serrano's lawyer's performance fell below an objective standard of reasonable representation. Bradley, 42 Ohio St.3d 136,538 N.E.2d 373 at paragraph one of the syllabus.
Assignments of error I, II, IV and V are overruled.
 VI. THE TRIAL COURT ERRED BY SENTENCING APPELLANT ON ALL THE OFFENSES CHARGED IN VIOLATION OF THE DOUBLE
 JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.
Serrano here claims the menacing, telephone harassment, and violation of a temporary protective order charges are allied offenses because they all stemmed from his single phone call to the children's school. He argues that, as allied offenses, he could be convicted of only one of these charges and, therefore, his sentence on all three charges violates the double jeopardy clause.
The city counters that the offenses are not allied or of similar import because they do not correspond to such a degree that the commission of one results in the commission of the other and it points out, the charges did not result from a single act. Moreover, it argues, this error is waived because it was not raised at the time of sentencing.
Section 2941.25 (A) proscribes a judge from entering a judgment of conviction on multiple allied offenses of similar import with a single animus. State v. Kent (1980), 68 Ohio App.2d 151,428 N.E.2d 453, paragraph one of the syllabus. The defendant may be convicted of only one of these allied offenses. Id. If, however, the offenses are of dissimilar import, or are of the same or similar kind with a separate animus as to each, the indictment or information may contain counts for each, and a defendant may be convicted on all counts. R.C. 2941.25 (B); Kent, supra, paragraph two of the syllabus.
The city is correct that we need not consider this assignment of error if waived at the time of conviction or sentencing, Statev. Comen (1990), 50 Ohio St.3d 206, 553 N.E.2d 833, but we have the discretion to examine the issue for plain error. State v.Latson (Sept. 30, 1999), Cuyahoga App. No. 72921, unreported.
Under the mandates of State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, the elements of Serrano's offenses are first compared in the abstract. We first find that the various elements noted, supra, of menacing, telephone harassment and violation of a temporary protective order do align to a degree. It is clear that one can commit the offense of menacing through the use of a telephone and by initiating prohibited contact by telephone, one can also commit the offense of violating a temporary protective order. Contrary to the position taken by Serrano, that all the charges arose from a single telephone call to St. Patrick School, the record supports two separate calls to two different persons; Mrs. Serrano was the victim of menacing, Ms. Needham the victim of telephone harassment and Serrano's son the victim of the violation of the temporary protective order. Furthermore, violation of the temporary protective order by attempting to speak with a child does not, of necessity, result in harassment of a third party.
While this court has held in Kent, supra, that when accepting a plea a judge must conduct a hearing before entering a judgment of conviction to make a determination as to whether R.C. 2541.25 is applicable, under the facts in the record the judge could have easily concluded no allied offenses were involved. In any event, we find no plain error.
 III. THE COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT BY FAILING TO CONSIDER THE SENTENCING CRITERIA SET FORTH IN R.C. 2929.22.
Serrano argues that the judge erred in imposing a sentence of both a fine and imprisonment for each offense because she failed to consider the sentencing criteria set forth in R.C. 2929.22, especially considering his age and lack of a prior criminal record. He further claims as error the failure by the judge to credit him with 27 days of confinement and reduce his sentence accordingly. The city asserts that Serrano failed to satisfy his burden to affirmatively show that the judge did not consider the sentencing criteria. The city did not address the question of reduction of sentence for time served.
Section 2929.22 sets forth various factors a judge is to consider when imposing a sentence for misdemeanor offenses. Subsection (C) requires the court to consider the factors set forth in R.C. 2929.12 (C) and (E) which favor a shorter term of imprisonment. In addition, R.C. 2929.22 (E) restrains a judge from imposing a fine in addition to imprisonment "unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain." Subsection (F) restrains the trial court from imposing a fine or fines which "in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay * * * within the time allowed without undue hardship to the offender * * *."
A silent record raises the presumption that the trial court considered the factors set forth in the misdemeanor sentencing statute. State v. Adams (1988), 37 Ohio St.3d 295,525 N.E.2d 1361, paragraph three of the syllabus; Cleveland v. Buckley
(1990), 67 Ohio App.3d 799, 811, 588 N.E.2d 912; cf. State v.Young (1996), 115 Ohio App.3d 46, 48, 684 N.E.2d 372 (case remanded for re-sentencing when the judge declined to inquire into the defendant's ability to pay the fine although the defense attorney specifically reminded the judge of his statutory duty and asked the judge to do so). This court presumes that a judge considered the factors unless it appears from the record that the court unreasonably ignored them, or acted out of bias, prejudice and preconceptions." Cleveland Heights v. Seastead (Oct. 12, 1995), Cuyahoga App. No. 68875, unreported. The defendant has the burden to come forward with evidence to rebut this presumption.State v. Cyrus (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94.
The record in this case, however, is not so silent. The judge heard the concerns of Mrs. Serrano regarding Serrano's inability to control his temper, his verbal abuse, her fears for herself and her children and her lack of trust. Ms. Sheehan of the Witness/Victim Program offered her opinion that Serrano was a high-risk individual and of the potential risk to the Serrano children and their classmates. The judge clearly evidenced concern about deterring Serrano from further criminal conduct by investigating the possibility of a monitoring bracelet and noting that Serrano "[c]aused this community a great deal of fear. Let alone what you've done to your wife and to your children." The fines imposed were adapted as a deterrence. R.C. 2929.22. The record supports the city's contention that the judge considered the sentencing criteria, including mitigating factors of Serrano' s age and lack of prior criminal record, because she suspended both the total jail time imposed — eight full months — and $1,200 of the $1,500 fine. Maple Heights v. Draves
(July 25, 1996), Cuyahoga App. No. 69325, unreported.
Serrano' s contention that the judge violated R.C. 2949.08 when she failed to credit him for the days he spent in jail before the court accepted his plea is without merit. His sentences of confinement were suspended. In the event he is required to be incarcerated, and the judge fails to enter into his record of conviction the 27 days served prior to conviction or the jailor fails to reduce his sentence(s) in accordance with the number of days served, the relief he should seek is a Writ of Mandamus not an appeal to this court. State v. Berger (1984), 17 Ohio App.3d 8,477 N.E.2d 473.
We find all the Serrano's assignments of error are without merit and affirm the judgment of conviction.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Convictions affirmed; any bail pending appeal terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., AND MICHAEL J. CORRIGAN, J.,CONCURRING IN JUDGMENT ONLY.
 __________________________________ JUDGE ANNE L. KILBANE
[1] This does not constrain a defendant from making such a challenge through a motion to vacate a plea which is filed before appeal and in accordance with Crim. R. 32.1.
[2] See supra note 1 and accompanying text.