The STATE of Ohio, Appellee,

v.

COOPER, Appellant.

[Cite as *State v. Cooper* (2001), 144 Ohio App.3d 316.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78269.

Decided June 18, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *David Zimmerman,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, *Patricia Koch Windham* and *Kathleen W. Wood,* Assistant Public Defenders, for appellant.

TERRENCE O'DONNELL, Judge.

Shawn Cooper appeals from a judgment of the common pleas court, entered pursuant to a jury verdict finding him guilty of the lesser but included offenses of vehicular homicide and driving under the influence of alcohol, in which the court imposed court costs and an aggregate $2,000 fine payable to the American Cancer Society as part of his sentence. On this appeal, Cooper alleges that the court erred when it imposed the costs and fines because it failed to consider his ability to pay, especially since it had found him indigent for the purposes of appeal, and he urges our court to reverse that portion of his sentence. After careful review, we affirm the decision to impose the fines and costs as part of the sentence but vacate that portion of the judgment ordering the fines to be paid to the American Cancer Society, because R.C. 2949.11 requires court-imposed fines to be paid to the county treasury. Accordingly, we remand the matter for correction of the court's entry in this case.

The history of the case reveals that, in the early morning hours of December 7, 1999, an intoxicated Cooper left a friend's home in Broadview Heights in order to drive John DeAngelis home. Cooper apparently was traveling southbound on Oakes Road at a high rate of speed and failed to stop at the stop sign at Avery Road. He lost control of his vehicle, which careened seventy feet into a woods and collided with a tree. Cooper's passenger, DeAngelis, died in this accident.

Following investigation and arrest, the grand jury indicted Cooper for aggravated vehicular homicide with a DUI specification and driving under the influence of alcohol. The court conducted a jury trial on April 19, 2000, and, following its deliberation, the jury returned a verdict finding Cooper not guilty of aggravated

vehicular homicide but guilty of the lesser but included offense of vehicular homicide with a DUI specification and also guilty of driving under the influence of alcohol, both first degree misdemeanors punishable by penalties of up to six months in jail and fines up to $1,000.

On June 29, 2000, the court sentenced Cooper to maximum consecutive six-month jail terms, imposed a lifetime suspension of his driver's license, and ordered him to pay court costs and an aggregate $2,000 fine to a designated charity. His counsel indicated that he would designate the American Cancer Society to receive the fine. (See Appendix.) Cooper now appeals, raising two assignments of error that we will consider together because they involve common issues of law and fact. These assignments of error state:

"I. The trial court abused its discretion in fining Mr. Cooper, a misdemeanant, two thousand dollars after finding him indigent and failing to consider his ability to pay or the issue of undue hardship, as required in R.C. 2929.22(A) and (F).

"II. In assessing court costs against Shawn Cooper after finding him indigent, the trial court committed reversible error."

Cooper contends that the court failed to consider his ability to pay the court costs and fines, urging that the trial court had found him indigent for the purposes of this appeal. The state claims that, despite an express invitation from the trial court, Cooper failed to file an affidavit of indigency, and, hence, has waived his right to assert this as error on appeal.

The issues then presented for our resolution concern whether the court abused its discretion in imposing fines and court costs without considering, pursuant to R.C. 2929.22(A) and (F), Cooper's ability and resources to pay, the nature of the burden imposed, and the hardship to him and his dependents. In addition, we shall address the portion of the order requiring the fines be paid to a charitable organization.

We begin our analysis by examining R.C. 2929.22, which relates to assessment of fines and states:

"(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court *shall consider* the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and *the ability and*

*resources of the offender and the nature of the burden that payment of a fine will impose on the offender.*

"\* \* \*

"(F) *The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents,* or will prevent the offender from making restitution or reparation to the victim of the offender's offense." (Emphasis added.)

Further, R.C. 2949.092, which relates to payment of court costs, provides:

"If a person is convicted of or pleads guilty to an offense and the court specifically is required, pursuant to section 2743.70 or 2949.091 of the Revised Code or pursuant to any other section of the Revised Code, to impose a specified sum of money as costs in the case in addition to any other costs that the court is required or permitted by law to impose in the case, the court shall not waive the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender."

In determining whether to impose a fine for a misdemeanor, R.C. 2929.22(A) provides that a sentencing court must consider "the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him." Further, subsection (F) mandates that "[t]he court shall not impose a fine or fines that \* \* \* exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents \* \* \*."

█ We agree with the reasoning utilized by the court in *State v. Polick* (1995), 101 Ohio App.3d 428, 655 N.E.2d 820, that R.C. 2929.22(F) imposes an affirmative duty on the trial court to justify a decision to impose a fine in a misdemeanor case relating to the factual existence of the ability to pay. We recognize that the trial court did not consider this issue during the sentencing hearing. However, in our case, the court invited such an inquiry and indicated its willingness to consider waiving the fines upon presentation of an affidavit of indigency from Cooper. In imposing these fines in this case, the following colloquy appears in the transcript:

"THE COURT: I forgot to give you this form. You are also being fin[e]d $2,000. You need to choose where you would like your fine sent.

"Mr. Marein, if you would like to approach, have your client sign it, and we will make it part of the record.

320

"MR. MAREIN: Yes Judge.

"THE COURT: Mark, I can't waive a fine on statements on the record, but if you want to file an affidavit of indigency on his—

"MR. MAREIN: Judge, for purposes of this form, Shawn is going to——he will opt to provide those moneis [sic] to the American Cancer Society, but we are going to discuss the motion of his lack of funds.

"THE COURT: Fine. There's another section, so just write that.

"MR. MAREIN: All right.

"THE COURT: If you want me to consider waiving the fines, please consider filing a[n] affidavit of indigency.

"MR. MAREIN: I will."

In *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, the court stated the following in paragraph three of its syllabus:

"It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."

Based on our review of the record, although the court did not consider Cooper's ability to pay at the time it imposed financial sanctions, Cooper waived his opportunity to present this issue to our court because he failed to file the affidavit of indigency or otherwise pursue this matter in the trial court. Accordingly, we reject these assignments of error.

Next, we address the court's order specifying that the fines be paid to the American Cancer Society. While we agree with the court that court-imposed fines could benefit worthy charities, the law does not permit court-imposed statutory fines to be paid to designated charitable organizations. Some court have imposed lawful fines in conformity with applicable statutes and later suspended those fines upon receipt of evidence of a voluntary contribution made to a charity; however, a court may not order a statutory fine paid directly to a charitable organization.

The law in this regard, R.C. 2949.11, provides:

"Unless otherwise required in the Revised Code, an officer who collects a fine *shall pay it into the treasury of the county in which such fine was assessed,* within twenty days after the receipt of the fine, to the credit of the county general fund. The county treasurer shall issue duplicate receipts for the fine, and the officer making the collection shall deposit one of these receipts with the county auditor." (Emphasis added.)

This statute mandates that all fines be paid into the county treasury; a trial court therefore does not have the statutory authority to direct payment of a fine to a charitable organization. Accord *State v. Short* (July 6, 1992), Butler App. No. CA91–04–066, unreported, 1992 WL 158413 ("Once assessed, fines are to be paid into the treasury of the county in which the fine was assessed, to the credit of the county's general fund. We can find no statutory provision which gives a court the discretion to order a contribution to an unnamed county agency in lieu of a fine."). Thus, we are constrained to vacate that portion of the court's order directing payment of the fines to the American Cancer Society, and remand the matter to the trial court to conform its entry with R.C. 2949.11.

Judgment affirmed. Matter remanded for conformity of entry in accordance with R.C. 2949.11.

*Judgment accordingly.*

TIMOTHY E. MCMONAGLE, P.J., and MICHAEL J. CORRIGAN, J., concur.