OPINION
{¶ 1} Defendant-appellant Michael Williams appeals from the sentence entered by the Youngstown Municipal Court after he pled no contest to violating, for the third time, a city ordinance prohibiting loud music from a motor vehicle. The first issue before us concerns whether the trial court abused its discretion in imposing the five-year maximum term of probation. The second issue is whether the court erred as a matter of law in imposing a $1,100 fine. In determining this issue, we must decide the following sub-issues: whether the violation was a third degree misdemeanor or an unclassified misdemeanor; if it is was a third degree misdemeanor, whether a city ordinance can prescribe a fine that is in addition to and thus greater than the statutory maximum fine for a third degree misdemeanor; whether the court failed to properly consider factors in a statute which disfavors imposing both jail time and a fine for misdemeanor offenses; and whether the court failed to consider if the fine exceeds that which the offender could pay without undue hardship. For the following reasons, the judgment of the trial court is affirmed in part, and the portion of appellant's sentence dealing with imposition of the fine is reversed and remanded.
 STATEMENT OF FACTS {¶ 2} Appellant was convicted twice in the year 2000 for violating Youngstown City Ordinance 539.07, which prohibits loud music from a motor vehicle. On the second offense, appellant was sentenced to thirty days in jail with twenty-five days suspended and placed on probation for one year. On August 12, 2001, while appellant was on probation for this offense and on probation for a domestic violence offense, appellant was cited for his third loud music offense. He was also cited for driving under suspension and driving without a seat belt. On September 5, 2001, appellant pled no contest to his third loud music violation and a reduced charge of driving without an operator's license; the state dismissed the seat belt violation. A presentence investigation was ordered and the case was set for sentencing.
 {¶ 3} A sentencing hearing was held on November 6, 2001.[1] On the charge of driving without an operator's license, a minor misdemeanor, the court fined appellant $100 plus costs. On the loud music charge, the court sentenced appellant to the sixty days in jail with thirty days suspended upon the following conditions: serve thirty days of house arrest; pay $1,100 in fines or perform sufficient community service, with costs suspended; write a twenty-five page paper on the damaging effects of loud music to hearing; and complete five years of probation, starting out reporting and converting to non-reporting when all conditions are met.
 {¶ 4} Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} Appellant's first assignment of error, which contests the length of probation, alleges:
 {¶ 6} "THE COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO A FIVE-YEAR TERM OF PROBATION UNDER THE FACTS CONTAINED IN THE RECORD, AND THE SENTENCE WAS NOT IN ACCORDANCE WITH THE PURPOSES OF THE MISDEMEANOR SENTENCING STATUTORY SCHEME."
 {¶ 7} As appellant notes, R.C. 2951.07 provides that the maximum term of probation which a court can impose is five years. See, also,State v. Zucal (1998), 82 Ohio St.3d 215, 219. Pursuant to R.C. 2951.02, a court deciding whether to impose probation for a misdemeanor shall consider the risk that the offender will commit another offense and the need for protecting the public from that risk, the nature and circumstances of the offense, and the history, character, and condition of the offender. See, also, R.C. 2951.02(B)(1)-(10) and (D)(1)-(4) (outlining factors which shall be considered in favor of and against placing an offender on probation but noting that the factors do not control the court's discretion).
 {¶ 8} We note that the statute deals with the decision whether to place an offender on probation, and appellant does not contest the decision to place him on probation but rather the length thereof. However, the Supreme Court has held that the factors in R.C. 2951.01(A) should also be considered in determining the appropriate conditions of probation. Lakewood v. Hartman (1999), 86 Ohio St.3d 275, 277. Likewise, we shall use the statutory factors to evaluate the propriety of the length of probation. Before doing so, we note the trial court's broad discretion in sentencing. State v. Barrett (1999), 131 Ohio App.3d 137,140 (7th Dist.). See, also, State v. Jones (1990), 49 Ohio St.3d 51,52-53 (stating that the trial court has broad discretion in setting the terms and conditions of probation).
 {¶ 9} This offense was appellant's third loud music offense. All three were committed within just over a one-year period. He was on probation for the second offense when he committed this offense. He was also on probation for domestic violence and was not doing a good job fulfilling the conditions of that probation. This offense was accompanied by citations for driving under suspension and driving without a seat belt. It would not be unreasonable for the trial court to believe that appellant posed a great risk of committing this same offense and even other offenses and that he had a need for probationary supervision for a longer time than the one year he was given for his second offense. We also note that the trial court can terminate probation if it later determines that the ends of justice will be served and good conduct so warrants it. R.C. 2951.09.
 {¶ 10} Although a five-year maximum term of probation seems very long for a misdemeanor offense that entails driving with the stereo turned up too loud (even if it was the third offense), we shall not substitute our judgment for that of the legislature or city council or for that of the trial court in these sentencing matters. As we do not find that the trial court abused its discretion in imposing five years of probation upon appellant, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 11} Appellant's second assignment of error contends:
 {¶ 12} "THE COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED A FINE OF $1,100 ON THE DEFENDANT FOR THE CITY CODE VIOLATION LOUD MUSIC THIRD DEGREE MISDEMEANOR OFFENSE."
 {¶ 13} Youngstown City Ordinance 539.99(a) provides, "[w]hoever violates any provision of this chapter is guilty of a minor misdemeanor for a first offense. For any subsequent offense, such person is guilty of a misdemeanor of the third degree." The editor's note to 539.99 refers the reader to Ordinance 501.99 for penalties applicable to any misdemeanor classification. The basic penalties in Ordinance 501.99 are the same as those contained in R.C. 2929.21(B) and (C). Specifically, for a third degree misdemeanor, the maximum fine is $500 and the maximum jail term is sixty days. Youngstown City Ordinance 539.07(b)(1) sets forth the elements of the relevant loud music offense; then, 539.07(b)(2) states, "[i]n addition to the penalty as set forth in Section 539.99, the following additional penalty applies * * *." The additional penalty for a first offense is a mandatory fine of $200. The additional penalty for a second offense is a mandatory fine of $400. Finally, the additional penalty for a third and all subsequent offenses is a mandatory fine of $600 and three days in jail.
 {¶ 14} Appellant basically sets forth three arguments under this assignment of error which will each be addressed separately. First, he contends that the court could not impose $1,100 as a matter of law because the maximum fine for a third degree misdemeanor under R.C.2929.21(C)(3) is $500. Second, he argues that the court should not have imposed a fine since it already imposed imprisonment. Third, he argues that the court failed to determine whether the fine will cause him undue hardship. The city briefly responds to appellant's first argument, but before doing so, it sets forth an argument in an attempt to make appellant's first argument moot.
 SUB-ISSUE ONE: CITY'S ARGUMENT ON UNCLASSIFIED MISDEMEANOR {¶ 15} The city argues that the loud music violation is an unclassified misdemeanor rather than a third degree misdemeanor. As aforementioned, the state makes this argument because then appellant's argument as to the maximum fine for a third degree misdemeanor is moot. However, we do not agree with the state's contention.
 {¶ 16} An unclassified misdemeanor is an offense which is not specifically labeled and for which a penalty of incarceration not exceeding one year may be imposed. See R.C. 2901.02(F). But, see, R.C.2901.02(G) (which places the label of minor misdemeanor on unclassified misdemeanors if the only penalty is a fine not greater than $100). An unclassified misdemeanor can be one that imposes not more than one year of incarceration but more than six months, which is the maximum for a first degree misdemeanor. An unclassified misdemeanor can be one that imposes more than $1,000 in fines, which is the maximum for a first degree misdemeanor; or, it can be any intermediate level of incarceration and fines.
 {¶ 17} The legislative body typically leaves an offense unclassified when it assigns penalties which vary from those in the general penalty-listing statute. R.C. 2929.21 (for classified misdemeanors penalties). Various state offenses are of unclassified degrees. See State v. Quisenberry (1994), 69 Ohio St.3d 556, 557. As the city notes, certain offenses in city ordinances have been described as unclassified when the amount of the possible fine under the ordinance is more than the maximum under state law. For instance, when a first offense can result in a maximum of six months imprisonment and a $10,000 fine, the offense was described as an unclassified misdemeanor; similarly, when a second offense can result in a maximum of two years imprisonment and a fine of $20,000, the offense was described as an unclassified felony.State v. Mason Drilling, Inc. (Feb. 21, 1991), 5th Dist. No. CA-248. Similarly, an East Cleveland anti-loud music ordinance was basically held to be an unclassified misdemeanor where the mandatory fine was $200 for a first offense, $400 for a second offense, and $600 for a third offense, with the options of imposing an additional fine of $1,000 and six months in jail. State v. Harris (Mar. 31, 1994), 8th Dist. No. 65520.
 {¶ 18} However, the distinguishing factor here is that Youngstown City Ordinance 539.99(a) expressly declares that a first offender is guilty of a minor misdemeanor and that a subsequent offender is guilty of a third degree misdemeanor. See exact quote from ordinance supra. Hence, the definition of an unclassified misdemeanor has not been met. As set forth above, an offense is not unclassified if it has been "specifically classified." Just because a statute or ordinance sanctions greater penalties than those set forth in the misdemeanor penalty-listing statute of R.C. 2929.21, does not mean that the labeled degree of misdemeanor is essentially erased to make an unclassified misdemeanor. As such, the city's argument is without merit. This leads us into appellant's first argument.
 SUB-ISSUE TWO: MAXIMUM FINE FOR A THIRD DEGREE MISDEMEANOR {¶ 19} In making his first argument, appellant merely cites R.C.2929.21(C)(3), which provides that the maximum fine for a third degree misdemeanor is $500. He thus concludes that the $1,100 imposed by the trial court and the city ordinance itself are contrary to Ohio law.
 {¶ 20} Firstly, appellant did not raise the constitutionality of the ordinance to the trial court. The ordinance clearly states that a $600 fine is mandatory for a third offense. It also clearly states that the $600 is in addition to any penalty otherwise available for a third degree misdemeanor. Moreover, appellant was advised of this ordinance-prescribed maximum penalty. By not first raising the issue below, the issue could be considered waived.
 {¶ 21} Although he does not frame his brief argument as having a constitutional basis, it basically claims a violation of Ohio Constitution Article XVIII, Section 3. This provision contains the Home Rule amendment which states that municipalities have authority to exercise all powers of local self-government and to adopt and enforce police, sanitary, and other similar regulations that are not in conflict with the general laws of the state. By not raising this law to support his claim on appeal, his argument could basically be overruled on the basis that he is merely appealing on the ground that the trial court refused to sua sponte ignore a municipal ordinance.
 {¶ 22} Even if we delve further into the issue, the argument would fail. The test for determining whether an ordinance violates the Home Rule amendment by conflicting with general law asks whether the ordinance permits that which the state forbids or forbids that which the state permits. Struthers v. Sokol (1923), 108 Ohio St. 263, paragraph two of the syllabus.
 {¶ 23} In City of Niles v. Howard (1984), 12 Ohio St.3d 162, the Court was faced with an ordinance that declared an offense to be a first degree misdemeanor where a state statute defining the same crime declared the offense to be a minor misdemeanor. The Court cited Sokol and stated that an ordinance does not conflict with general law simply because different penalties are provided for the same offenses, even though the ordinance imposes greater penalties. Id. at 165. The Court held that if a city ordinance changes an offense, defined as a misdemeanor by state statute, to a felony, then there is a conflict. Id. Alternatively, the Court noted that if an ordinance changes an offense, defined as a felony by state statute, to a misdemeanor, then there is a conflict. Id., citingCleveland v. Betts (1958), 168 Ohio St. 386. However, the Court concluded that an ordinance does not conflict with general law where it merely increases an offense defined by state law from a minor misdemeanor to a first degree misdemeanor. Id.
 {¶ 24} Although this law provides some background and establishes that an ordinance can impose a greater penalty than the state for the same conduct, it is not wholly on point because there is no state offense prohibiting loud music from a motor vehicle. Rather, this is an offense created by the city.
 {¶ 25} In City of Columbus v. Molt (1973), 36 Ohio St.2d 94, the Court was faced with a city ordinance that established a greater penalty for reckless operation than the state statute. The Court held that R.C.4511.99, the penalty-providing section, was not a general law as contemplated by the constitution. Id. at 95, citing Youngstown v. Evans
(1929), 121 Ohio St. 342. Hence, the Court found that the ordinance could not be in conflict with general laws. Id. A general law as contemplated by the constitutional provision before us is one "prescribing a rule of conduct upon citizens generally." Evans, 121 Ohio St. at 345-46;Sheffield v. Rowland (1999), 87 Ohio St.3d 9, 11 (reupholding that if the state law does not fit this definition of general law, then any conflict between the ordinance and the statute need not be evaluated). Relying on this case law, the First Appellate District held that R.C. 2929.21, the statute at issue before us, is not a "general law" as it does not prescribe a rule of conduct but rather merely sets penalties for broad classes of crimes. Cincinnati v. Thompson (1994), 96 Ohio App.3d 7, 30.
 {¶ 26} Moreover, the state itself places punishment on offenses that exceed the maximum amounts set forth in R.C. 2929.21. For instance, R.C. 2929.21(C)(1) states that not more than a $1,000 fine shall be imposed for a first degree misdemeanor. However, R.C. 4511.99(A)(2)(a) allows the court to impose a fine up to $1,500 for a second offense DUI even though it is still classified as a first degree misdemeanor. See, also, City of Middletown v. Flinchum (Dec. 18, 2000), 12th Dist. No. CA99-11-193 (upholding a city ordinance providing a one year maximum jail term for a first degree misdemeanor DUI even though the state statute only carries a six-month maximum for a first degree misdemeanor).
 {¶ 27} Here, the city created a crime which is not in conflict with the general laws as no state statute permits loud music from a motor vehicle. The city ordinance does not conflict with a general law merely by placing an additional, enhanced fine over that typically imposed (by both city ordinance and state law) for a third degree misdemeanor. For all of the foregoing reasons, appellant's argument that the fine violates R.C. 2929.21(C)(3) is without merit.
 SUB-ISSUE THREE: IMPOSITION OF FINE WHEN JAIL TIME IMPOSED {¶ 28} Appellant contends that the court failed to consider the factors regarding imposition of both jail time and a fine. Thus, he argues that his fine should be vacated. The city does not address this contention.
 {¶ 29} Pursuant to R.C. 2929.22(A), when determining whether to impose imprisonment, a fine, or both, a court sentencing an offender for a misdemeanor shall consider the following: the risk the offender will commit another offense and the need to protect the public from that risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any victim statements; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender. R.C. 2929.22(E) furthers states in relevant part, "[t]he court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender * * *."
 {¶ 30} Although reviewing courts can presume the court followed R.C. 2929.22(A) absent a proper rebuttal of this presumption by the defendant, R.C. 2929.22(E) contains its own presumption against the imposition of fines in misdemeanor cases where the court opted to impose jail time. As such, R.C. 2929.22(E) imposes an affirmative duty upon the court to justify its decision to impose a fine in addition to imprisonment for a misdemeanor. In State v. Lucas, 7th Dist. No. 01BA12, 2002-Ohio-2408, we vacated a $250 fine imposed for a first degree misdemeanor where the defendant has also been sentenced to the maximum of six months in jail with four months suspended. We based our decision on the trial court's failure to comply with R.C. 2929.22(E). This court and other appellate courts have previously held likewise. State v. Giannini
(Dec. 11, 1998), 7th Dist. No. 97CA254; State v. Polick (1996),101 Ohio App.3d 428 (Fourth District); State v. Young (1996),115 Ohio App.3d 46 (Ninth District).
 {¶ 31} Here, we must follow the rule of Lucas; however, because the city ordinance prescribes a mandatory $600 fine, we shall not simply vacate the entire $1,100 fine; rather, we shall remand to the trial court for reconsideration of the fine based upon an evaluation of R.C. 2929.22(E) with justification as to how the newly chosen fine is specially adapted to deterrence of the offense or correction of the offender where the offender was already sentenced to sixty days in jail with thirty days suspended, ordered to serve thirty days of house arrest, forced to write a twenty-five page paper on the effects of loud music on hearing, and placed on probation for the maximum of five years. At this resentencing hearing, appellant may present evidence and the court shall make an inquiry under R.C. 2929.22(F) as is discussed infra.
 SUB-ISSUE FOUR: FINE UNDUE HARDSHIP {¶ 32} Appellant complains that the court did not conduct an inquiry as to his hardship in paying the fine. He notes that his indigency was a matter of record. He cites State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, where the appellate court remanded for resentencing based upon R.C. 2929.22(F) because the trial court imposed a $100 fine without taking into consideration the defendant's ability to pay the fine. The state does not address this contention.
 {¶ 33} Pursuant to R.C. 2929.22(F), the court shall not impose a fine that exceeds the amount the offender will be able to pay by the method and within the time allowed without undue hardship. Here after imposing all the punishment previously described, the court also imposed the mandatory additional fine of $600 under the city ordinance and the $500 discretionary fine under the general penalty ordinance. At the sentencing hearing, the court was advised that appellant lost his job one month before and was not presently employed. (Tr. 3). It was also revealed that appellant was expecting a baby in two months. (Tr. 9). The presentence investigation, which this court reviewed, also shows some indication that an $1,100 fine, after being incarcerated for a month and on house arrest for a month, may cause undue hardship to appellant and/or his dependents. (We cannot specifically describe the contents of this report as it is confidential). Yet, there is no inquiry by the court as to the hardship that may be caused by this large fine.
 {¶ 34} As with the analysis dealing with R.C. 2929.22(E) supra, courts have reversed many fines for a lack of inquiry by the sentencing court into the hardship a fine may cause a misdemeanor defendant. Statev. Cooper (2001), 144 Ohio App.3d 316, 319 (Eighth District); Grundy, 9th Dist. No. 19016; Young, 115 Ohio App.3d at 47; Polick,101 Ohio App.3d at 432; State v. Stevens (1992), 78 Ohio App.3d 847, 851 (Twelfth District). These courts hold that R.C. 2929.22(F) imposes an affirmative duty to inquire into the affect of the fine on a misdemeanor defendant.
 {¶ 35} We do note that the Tenth District has applied the waiver doctrine to this same argument made by a defendant who did not place evidence of undue hardship and/or inability to pay before the sentencing court. Whitehall v. Wildi, 10th Dist. No. 01AP-762, 2002-Ohio-1035. In the case before us, there was some evidence before the court which may trigger a doubt as to ability to pay; note the transcript and the contents of the presentence investigation. Regardless, we are remanding for resentencing on the prior R.C. 2929.22(E) analysis, and thus, there is no burden on the court to conduct an inquiry under R.C. 2929.22(F) on remand where appellant can present evidence concerning undue hardship and ability to pay.
 {¶ 36} Finally, we acknowledge that the court gave the option of performing community service to fulfill the $1,100 fine; yet, a fine was nonetheless imposed. Thus, compliance with R.C. 2929.22 is required. In fact, R.C. 2929.22(F) contemplates community service by the language "will be able to pay by the method." See Stevens, 78 Ohio App.3d at 851
(where the court reversed a fine with a community service option where the court did not undertake any inquiry as to ability to pay or work off the fine).
 {¶ 37} For the foregoing reasons, the judgment of the trial court is affirmed in part, and the portion of appellant's sentence dealing with imposition of the fine is reversed and remanded.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] At the same time, a probation violation hearing concerning the domestic violence charge was held. Appellant stipulated to the violation, which revolved around allegations that appellant failed to satisfactorily report, failed to complete anger management classes, and failed to pay fines. He was sentenced to one hundred eighty days in jail with one hundred twenty days suspended, and his probation was extended to four years.