DECISION
Defendant-appellant, Mark E. Burke, has filed an application for reopening, pursuant to App.R. 26(B), asserting that he received ineffective assistance of counsel in his original appeal. In 1990, appellant was convicted of aggravated murder and agg-ravated robbery and sentenced to death. This court affirmed appellant's convictions and sentence in State v. Burke (Dec. 28, 1993), Franklin App. No. 90AP-1344 ("Burke I"). The Ohio Supreme Court subsequently affirmed defendant's convictions. State v. Burke (1995), 73 Ohio St.3d 399 ("Burke II"). The United States Supreme Court denied appellant's petition for writ of certiorari on March 25, 1996. In February 1998, the trial court issued a decision dismissing appellant's petition for post-conviction relief. By decision rendered February 17, 2000, this court affirmed the decision of the trial court dismissing appellant's petition for post-conviction relief. State v. Burke (Feb. 17, 2000), Franklin App. No. 99AP-174, unreported ("Burke III"). On July 19, 2000, the Ohio Supreme Court dismissed appellant's further appeal.
On May 22, 2001, appellant filed an application to reopen his direct appeal under App.R. 26(B). App.R. 26(B) states, in pertinent part:
 (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 (2) An application for reopening shall contain all of the following:
***
 (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
***
 (5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.
We initially note that appellant failed to file his application within ninety days after the appellate judgment sought to be reversed was journalized, as required by App.R. 26(B)(2)(b). Appellant contends, however, that good cause exists for the untimely filing of the application because, at the time such application would have been due, appellant was still represented by the same counsel that represented him at trial; appellant maintains that counsel could not have been expected to raise claims about his own ineffectiveness. We note that appellant was represented on appeal to this court by different counsel than at trial.
Assuming, arguendo, that the presence of the same counsel at the time his application would have been due constitutes good cause for an untimely application, for the reasons which follow, our review of the merits of appellant's application reveals that appellant has failed to meet his burden of demonstrating that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B).
The Ohio Supreme Court has held that the two-part test in Strickland v. Washington (1984), 104 S.Ct. 2052, is the appropriate standard for reviewing an application for reopening under App.R. 26(B)(5). State v. Bradley (2001), 91 Ohio St.3d 570, 571. Thus, in order to establish a claim of ineffective assistance of appellate counsel, a defendant must show that his counsel's performance was deficient and that prejudice arose from counsel's deficient performance.
At the outset, we note that many of appellant's proposed assignments of error are framed as challenging the performance of his trial counsel. Only claims of ineffective assistance of appellate counsel are cognizable under App.R. 26(B). However, to the extent that appellant may be asserting that his appellate counsel was ineffective in failing to challenge the effectiveness of trial counsel's performance, we will consider appellant's claims.
Under his first proposed assignment of error, appellant argues that his trial counsel was ineffective in failing to argue that an exception to the hearsay rule (Evid.R. 804[B][3]) permitted the admission of codefendant James Tanner's out-of-court statements that he was the actual killer. Appellant also contends that his trial counsel was ineffective in failing to establish that Tanner was unavailable as a witness.
Even assuming that appellant could demonstrate that his appellate counsel was ineffective in failing to raise these issues, appellant cannot satisfy the prejudice prong of Strickland. Specifically, in appellant's direct appeal to this court, appellant raised the issue of whether the statements of Tanner were admissible under Evid.R. 804(B)(3). This court rejected appellant's contention and held that, even assuming that the statements had been admissible under Evid.R. 804, appellant "failed to show prejudicial error *** as the record shows that the jury heard alleged statements by Tanner indicating that he killed the victim." Burke I, supra. Further, we note that the Ohio Supreme Court also addressed and rejected appellant's contention that the statements of Tanner were admissible under Evid.R. 804(B)(3). Accordingly, appellant's first proposed assignment of error does not set forth a basis for reopening his appeal.
Under his second proposed assignment of error, appellant asserts that his trial counsel was ineffective in failing to conduct a reasonable investigation and obtain the opinions of independent experts regarding appellant being hit on the head on the night of the offense and appellant's ingestion of alcohol that evening. However, claims of failure to investigate and interview witnesses, as in the present case, ordinarily raise matters outside the record and, therefore, the appropriate remedy is a petition for post-conviction relief. See State v. Gaines (Apr. 17, 2000), Butler App. No. CA99-04-082, unreported ("appellant may petition for a post[-]conviction evidentiary hearing to develop a record upon which his claims of failure to investigate and failure to interview identified witnesses may be properly addressed"); State v. Washington (Nov. 9, 1999), Franklin App. No. 98AP-1489, unreported ("[b]ecause a petition for post[-]conviction relief is the only mechanism whereby a convicted defendant can present evidence outside the original trial record, we cannot determine in this appeal whether defendant's trial counsel was ineffective for failing to properly investigate the case prior to trial"). Accordingly, appellant's second proposed assignment of error does not provide a basis for reopening his appeal.
Under his third proposed assignment of error, appellant contends that his trial counsel failed to conduct a reasonable investigation regarding alleged healing wounds of the victim. This assignment of error relates to the trial testimony of the coroner, who testified that some of the knife wounds on the victim showed signs of healing. Again, appellant's contention that his counsel failed to properly investigate the case raises matters that were not part of the proceedings before the trial court. In considering an application under App.R. 26(B), "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Hooks (2001), 92 Ohio St.3d 83 . Further, this court previously addressed the issue of the coroner's testimony in considering appellant's petition for post-conviction relief. See Burke III, supra. Thus, appellant's third proposed assignment of error does not set forth a basis for reopening his appeal.
Under his fourth proposed assignment of error, appellant argues that he is "actually innocent of capital aggravated murder." We note that in appellant's direct appeal to this court following his conviction, appellant contended, under his fifth assignment of error, that his conviction was against the manifest weight of the evidence. This court overruled appellant's assignment of error, finding that there was sufficient evidence by which a jury could have reasonably found intent to kill. Appellant also raised, in his appeal to the Ohio Supreme Court, the contention that his conviction was against the manifest weight of the evidence. The Ohio Supreme Court similarly found that "there was sufficient evidence presented on which to convict appellant of aggravated murder." Burke II, supra, at 404. In light of this court's prior determination, as well as the Ohio Supreme Court's disposition of the issue, the doctrine of res judicata bars further consideration of appellant's claim that the evidence was insufficient to convict him of aggravated murder.
Appellant's fifth proposed assignment of error asserts that his trial counsel was ineffective for failing to object to the trial court's decision ordering the alternate jurors to be present during the regular jurors' deliberations. In United States v. Olano (1993),113 S.Ct. 1770, 1779, the United States Supreme Court noted that the presence of alternate jurors during deliberations is a deviation from Fed.Crim.R. 24(A); however, the court focused its attention on "whether the error `affect[ed] substantial rights' within the meaning of Rule 52(b)." The United States Supreme Court concluded that "[t]he presence of alternate jurors during jury deliberations is not the kind of error that `affect[s] substantial rights' independent of its prejudicial impact." Id. Under the facts of Olano, there was "no specific showing that the alternate jurors *** either participated in the jury's deliberations or `chilled' deliberation by the regular jurors." Id. at 1781. See, also, State v. Murphy (2001), 91 Ohio St.3d 516, 533 (although it was error to allow alternate jurors to attend deliberations, no reversible error where appellant failed to show he was prejudiced by the presence of the alternate jurors). In the present case, the record indicates that the trial court instructed the alternate jurors during the guilt phase of the trial that they "must not participate" in deliberations. (Tr. Vol. VII, 79.) The trial court repeated this admonition during the mitigation phase. Even assuming that appellate counsel was deficient in failing to raise the issue of trial counsel's failure to object at trial, appellant has raised no contention that an alternate juror disregarded the trial court's instructions and participated in the deliberations. Thus, based upon the record before this court, and where appellant makes no attempt to show prejudice, appellant has failed to raise a genuine issue showing a reasonable probability that, but for his appellate counsel's deficient performance, the result of the proceeding would have been different.
Under his sixth proposed assignment of error, appellant contends that his trial counsel was ineffective in failing to conduct an adequate voir dire. More specifically, appellant cites several instances in which trial counsel did not question prospective jurors concerning mitigating evidence. However, the Ohio Supreme Court has held that the "failure to inquire about various mitigating factors during voir dire does not constitute ineffective assistance of counsel." State v. Goodwin (1999),84 Ohio St.3d 331, 335. The Ohio Supreme Court in Goodwin noted that "[a]sking jurors their views on mitigation is `not essential to competent representation,'" and "there is no requirement that counsel must individually question each juror about his or her views on the death penalty." Id. Further, any attempt by trial counsel to limit questions focusing on the death penalty may have been a tactical decision. The Ohio Supreme Court, in addressing a challenge of ineffective assistance of counsel for failure to question a juror, has held that "counsel is in the best position to determine whether any potential juror should be questioned and to what extent." Murphy, supra, at 539. Here, appellant cannot show that his appellate counsel was deficient in failing to raise the issue of trial counsel's performance during voir dire, and thus appellant's sixth proposed assignment of error does not provide a basis for reopening his appeal.
Under his seventh proposed assignment of error, appellant asserts that he is borderline mentally retarded, and that executing him would violate "evolving standards of decency" and also violate his constitutional right to be free from cruel and unusual punishment. Appellant argues that his counsel was ineffective in failing to present this argument. Appellant cannot show prejudice, as the Ohio Supreme Court has previously addressed the issue of appellant's mental capacity. Specifically, the court, in addressing mitigating factors, noted that "R.C. 2929.04(B)(3) deserves some weight since appellant's I.Q. score placed him within the `borderline mentally retarded range of functioning loss.'" Burke II, supra, at 408. The court further noted however, that appellant's own expert witness testified that appellant knew he should not have gone to the victim's house the night of the murder and that appellant felt responsible for the death. The court concluded that, "[u]nder these circumstances, we do not believe appellant lacked substantial capacity to appreciate the criminality of his conduct or to conform his criminal conduct." Id. Moreover, the Ohio Supreme Court has noted that there is no authority to support a defendant's "claim that the prohibitions against cruel and unusual punishment of the Eighth Amendment and the Ohio Constitution preclude the execution of mentally ill persons who understand their crimes and the capital punishment that they face." State v. Scott (2001), 92 Ohio St.3d 1, 2. Appellant's seventh proposed assignment of error fails to provide a basis for reopening his appeal.
Under his eighth proposed assignment of error, appellant contends that his trial counsel was ineffective in failing to object to the state's closing arguments at the mitigation phase. Appellant contends that the prosecution made arguments that appellant should be sentenced to death based upon nonstatutory factors. Even assuming that appellant's appellate counsel was ineffective in failing to assert that trial counsel should have objected to the prosecutor's closing arguments, appellant cannot show prejudice. Specifically, appellant previously argued before this court that the prosecutor engaged in misconduct during closing arguments, and this court found that appellant could not show prejudicial error based upon the remarks of the prosecutor. We further note that appellant also unsuccessfully raised this issue in this appeal before the Ohio Supreme Court. Accordingly, appellant's eighth proposed assignment of error fails to provide a basis for reopening his appeal.
Under his ninth proposed assignment of error, appellant raises various instances of alleged ineffective assistance of counsel for failure to make certain objections or arguments. For instance, appellant argues that his trial counsel erred in failing to object to the trial court's instruction to the jury that its verdict would be merely a recommendation. However, the Ohio Supreme Court has held that "use of that term, while not preferred, accurately reflects Ohio law, does not diminish the jury's overall sense of responsibility, and does not constitute reversible error." State v. Stallings (2000),89 Ohio St.3d 280, 295-296. See, also, State v. Jones (2000),90 Ohio St.3d 403, 418 ("use of the term `recommendation' does not diminish the jury's sense of responsibility, accurately reflects Ohio law, and does not constitute error"). As asserted by the state, various instances cited by appellant as constituting ineffective assistance for failure to object are, as in the example cited above, not supported by existing law, while other arguments by appellant regarding counsel's failure to object do not demonstrate outcome-determinative plain error. Thus, appellant cannot show that his appellate counsel was ineffective in failing to challenge his trial counsel's performance as to these issues. The trial record also fails to support appellant's claim that he was denied allocution rights, as the trial court cited Crim.R. 32(A) and afforded defendant and his counsel an opportunity to address the court and make a statement. Thus, appellant's ninth proposed assignment of error does not provide a basis for reopening of his appeal.
Appellant's tenth proposed assignment of error contends that his trial counsel was ineffective in failing to challenge the admissibility and reliability of appellant's taped statement. However, in his appeal to the Ohio Supreme Court, appellant argued that prejudicial error occurred when his statement taken at police headquarters was admitted into evidence, and that error occurred when appellant's statements were introduced in their entirety in rebuttal. The Ohio Supreme Court rejected these arguments, finding that appellant was not coerced into making a statement to police, and further noting that the trial judge "specifically cautioned the jury that the videotape contained statements that were not testified to by any witness in the case and that it was only to be considered for the limited purpose of determining appellant's credibility." Burke II, supra, at 406. Appellant has failed to show how his appellate counsel's failure to raise this issue regarding trial counsel's performance undermined the outcome of his trial.
Under his eleventh proposed assignment of error, appellant asserts that his trial counsel failed to adequately explain and present all mitigating evidence, including evidence on parole eligibility and ineligibility, and appellant's good behavior while incarcerated. It has been noted that, "[e]vidence of good conduct in jail is entitled to very little weight in mitigation." State v. Chinn (Aug. 21, 1998), Montgomery App. No. C.A. 16764, unreported, citing State v. Moreland (1990), 50 Ohio St.3d 58,70. Further, "[t]he length of incarceration to be served by the defendant before parole eligibility is not a fact about the defendant's character or background, or about the circumstances of the offense," and "[t]hus, it is not a mitigating factor for Eighth Amendment purposes." State v. White (1999), 85 Ohio St.3d 433, 448. Here, even assuming that appellate counsel should have raised the issue of trial counsel's failure to "adequately explain" and present this evidence, appellant cannot show that the outcome of his trial would have been different as a result of counsel's deficiency.
Under his twelfth proposed assignment of error, appellant contends that "[t]he trial court made prejudicial errors at the mitigation and sentencing phases." We find that res judicata precludes consideration of this claim. Specifically, in his appeal to the Ohio Supreme Court, appellant raised, under his seventeenth proposition of law, the argument that prejudicial error was committed at the mitigation phase of the trial, and the court rejected appellant's argument.
Under his thirteenth proposed assignment of error, appellant argues that Ohio's appellate courts have "failed to make a good faith effort to comply with the statutorily-mandated proportionality review and conduct independent analyses of death sentences." The Ohio Supreme Court, in addressing appellant's prior appeal, concluded that, "the death penalty imposed in this case is neither excessive nor disproportionate to other similar capital cases involving murder combined with aggravated theft offenses." Burke II, supra, at 409. Thus, this claim is also barred by the doctrine of res judicata.
Under his fourteenth proposed assignment of error, defendant asserts that his allocution rights were violated "when the courts refused his request to postpone his sentencing until after Tanner's trial and sentencing of Tanner." This argument is also barred by the doctrine of res judicata, as the Ohio Supreme Court addressed and rejected defendant's claim on this issue. Specifically, the Ohio Supreme Court held that there was "no showing that Burke's death sentence was either illegal or an abuse of discretion," and that "the trial court did not abuse its discretion in refusing to postpone sentencing until after Tanner's trial." Burke II, supra, at 407.
Finally, we note that appellant has filed a motion for leave to amend his application for reopening. Appellant seeks to assert six additional proposed assignments of error. Although untimely filed, in the interests of justice we will address appellant's contentions.
Under his fifteenth proposed assignment of error, appellant contends that his trial counsel was ineffective in failing to prepare appellant to testify. This proposed assignment of error does not provide a basis for reopening his appeal because, "it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record." State v. Ferris (Jan. 29, 2001), Lawrence App. No. 00CA12, unreported (claim that counsel was ineffective in failing to prepare appellant for trial cannot be determined from the record). In such instances, the proper remedy would be a petition for post-conviction relief. Id.
Under his sixteenth proposed assignment of error, appellant asserts that his trial counsel was ineffective in failing to adequately present evidence regarding the introduction of the codefendant's clothing. Appellant contends that counsel was ineffective in failing to have DNA testing performed on the clothing, testing which, according to appellant, may have strengthened the claim that Tanner was the principal offender. We note that the decision not to require a DNA test falls within the realm of trial tactics. State v. Laney (May 18, 2001), Lucas App. No. L-00-1086, unreported. In a case in which the Ohio Supreme Court held that a defense counsel's failure to utilize DNA testing did not constitute ineffective assistance of counsel, the court noted that counsel's decisions in such matters implicates a tactical decision "since the results of a DNA examination may not necessarily have proven favorable for the defense." State v. Hartman (2001), 93 Ohio St.3d 274,299. We further note that Sylvia Acton, an employee with the Columbus Police Crime Lab, testified during appellant's trial that a number of the items of clothing contained an insufficient quantity of material to perform further analysis, and there was evidence at trial indicating that appellant and the codefendant laundered items of clothing following the incident. Based upon the record on appeal, it would be purely speculative for this court to find that there is a reasonable probability that DNA testing would have strengthened the claim that Tanner was the principal offender. Accordingly, we find that appellant's sixteenth proposed assignment of error fails to provide a basis for reopening his appeal.
Under his seventeenth proposed assignment of error, appellant argues that his trial counsel was ineffective in failing to "convey any and all plea offers to Mr. Burke," and to investigate certain statements made by Tanner and appellant after the offense. However, claims alleging failure to communicate a plea offer and to investigate witnesses "could not have been decided on direct appeal without resort to evidence outside the record." State v. Bates (Jan. 21, 1999), Cuyahoga App. No. 75093, unreported. Thus, appellant's seventeenth proposed assignment of error does not present a basis for reopening his appeal.
Under his eighteenth proposed assignment of error, appellant contends that Ohio's death penalty scheme is unconstitutional because it imposes death in a racially discriminatory manner. Appellant argues that "[b]lacks and those who kill white victims are much more likely to get the death penalty." The Ohio Supreme Court has rejected this type of general contention. See State v. Zuern (1987), 32 Ohio St.3d 56. We further note that the victim in this case was not white, and appellant has failed to allege specific discriminatory intent. Appellant's eighteenth proposed assignment of error does not set forth a basis for reopening his appeal.
Under his nineteenth proposed assignment of error, appellant contends that Ohio's death penalty scheme is unconstitutional because it fails to narrow the class of death-eligible offenders. The Ohio Supreme Court has rejected this argument in a number of cases and, thus, this proposed assignment of error is without merit. See e.g., State v. Steffen (1987), 31 Ohio St.3d 111, 125; State v. Buell (1986), 22 Ohio St.3d 124,137; State v. Beuke (1988), 38 Ohio St.3d 29, 38-39.
Similarly, appellant's twentieth proposed assignment of error, in which appellant argues that R.C. 2929.04(A)(7) is constitutionally invalid because the aggravating circumstances are duplicative of the elements under R.C. 2903.01(B), has been rejected by the Ohio Supreme Court. State v. Benner (1988), 40 Ohio St.3d 301, 306-307; State v. Henderson (1988), 39 Ohio St.3d 24.
Accordingly, finding that appellant has failed to demonstrate the existence of genuine issues as required by App.R. 26(B)(5), appellant's application for reopening is hereby denied.
Based upon the foregoing, appellant's motion for leave to amend his application is granted, while appellant's requests for leave to depose trial and appellate counsel, to grant funds for appellant to retain an expert attorney, to grant an evidentiary hearing and appointment of counsel, as well as appellant's request to grant his App.R. 26(B) application, are all denied.
Application for reopening denied.
BOWMAN and KENNEDY, JJ., concur.