The STATE of Ohio, Appellee,

v.

STEVENS, Appellant.

[Cite as *State v. Stevens* (1992), 78 Ohio App.3d 847.]

Court of Appeals of Ohio,
Madison County.

No. CA91–09–027.

Decided March 23, 1992.

*Alice L. Robinson,* London City Law Director, for appellee.

*Tanner, Mathewson & Hansgen* and *Shirley C. Hansgen,* for appellant.

WALSH, Judge.

Defendant-appellant, Georgianna Stevens, appeals from her conviction in the Madison County Municipal Court of disorderly conduct.

Appellant's conviction stems from a May 18, 1991 incident in which the police were twice called to the house where appellant resided due to complaints of loud music. It is not disputed that the music emanated from the car stereo of Robert Henning, another resident of the house, who was in the driveway working on his car. At the time, appellant was playing with her daughter in the street in front of the house.

Upon receiving the initial complaint, a police officer visited the house, approached appellant and "told her to turn down the stereo." Appellant, in turn, told Henning to turn the stereo down and he complied. Before departing, the officer advised Henning and appellant that they would be summoned into court should the police receive another complaint about loud music. Receiving a second complaint, the officer returned approximately twenty minutes later and again instructed appellant to turn the stereo down. The officer thereafter left the premises without issuing a summons to either appellant or Henning.

The following day, appellant received a summons which charged her with disorderly conduct, in violation of R.C. 2917.11, a misdemeanor of the fourth

degree, for persisting to make unreasonable noise after reasonable warning to desist. Henning also received a summons. Following a bench trial on June 11, 1991, they were both found guilty as charged and ordered to pay a $100 fine and costs.

Appellant has perfected her appeal to this court and asserts the following as error:

Assignment of Error No. 1:

"The court erred in failing to apply the proper culpable mental standard of recklessness."

Assignment of Error No. 2:

"The court's finding was against the manifest weight of the evidence."

Assignment of Error No. 3:

"The court abused its discretion when it did not consider the factors of Ohio Revised Code Section 2929.22, before imposing sentence."

In her first assignment of error, appellant argues the court did not apply the requisite culpable mental standard of recklessness. Specifically, appellant maintains that based on the following: loud music was the norm in the neighborhood; she had no control over the car or the stereo; Henning turned the stereo on after the police left; and the only notice that the music was loud came from the police, it has not been shown she acted recklessly. Although not stated as such, appellant clearly contends that her conviction is not supported by sufficient evidence.

The role of an appellate court in resolving a criminal appeal which challenges the legal sufficiency of the evidence supporting a conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. The relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at 273, 574 N.E.2d at 503. See, also, *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304. In administering this test, the reviewing court is required to view the evidence in the light most favorable to the prosecution. *Jenks, supra,* 61 Ohio St.3d at 273, 574 N.E.2d at 503. Only when reasonable minds could not reach the conclusion reached by the trier of facts may the reviewing court reverse the conviction. *Id.*

According to the summons, appellant was charged with the following:

" * * * that [she] * * * did recklessly, cause inconvenice [*sic*], annoyance or alarm to another by making unreasonable noise, [she] did persist in such disorderly conduct after reasonable warning or request to desist."

As defined in R.C. 2901.22(C), a person acts recklessly when " * * * with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."

■ In the case *sub judice*, we conclude that there was insufficient evidence from which the trier of fact could find appellant guilty beyond a reasonable doubt. To convict appellant of the offense charged, it was necessary for the state to prove that appellant perversely disregarded a known risk that her conduct was likely to cause unreasonable noise after she had received a warning to desist. In our view, there is a lack of evidence indicating appellant continued to engage in behavior which was likely to create unreasonable noise. No evidence was elicited which suggested that appellant either turned on the car stereo after the police officer left or that she instructed Henning to do the same. In fact, the transcript of proceedings reveals that for the most part, appellant's conduct that night consisted of nothing more than playing with her daughter. Most importantly, it fails to establish that appellant had anything to do with the stereo. At its most incriminating point, the record indicates appellant may have acted in a belligerent manner towards the officer. While such behavior may constitute some other offense under the Revised Code, it is insufficient to sustain a conviction for the offense with which appellant was charged.

Appellee contends the conviction was proper because the evidence shows appellant permitted the music from Henning's car stereo to resume at a high level after being informed another complaint about the music would result in the issuance of a summons. This argument presupposes that appellant had control over both Henning and the instrumentality which was the source of the music, the car stereo. Yet, the most the evidence reveals of the relationship between appellant and Henning is that they are co-tenants in a house owned by appellant's ex-father-in-law. Additionally, the testimony of both Henning and appellant verifies that Henning exercised complete dominion over the car at all times. Admittedly, appellant did tell Henning to turn the stereo off the first time the officer came to the premises. However, something more than appellant's deliverance of, and Henning's subsequent compliance with, a police request is necessary to convince this court that appellant maintained control over Henning or the stereo. The only reason the officer instructed appellant to turn down the music was because of a mistaken belief appellant owned the house, not because appellant had control over the music.

For these reasons, we find no merit to appellee's contention that appellant had control over Henning or the volume of the music from Henning's car stereo.

In sum, there is simply no evidence from which any reasonable trier of fact could find appellant guilty of the offense charged beyond a reasonable doubt. Accordingly, her conviction cannot stand. The first assignment of error is well taken.

Appellant's second assignment of error maintains that the court's judgment was against the manifest weight of the evidence. In light of our holding on the first assignment of error, we also find merit to this argument. See *Jenks, supra,* 61 Ohio St.3d at 273, 574 N.E.2d at 503. Consequently, the second assignment of error is sustained.

■ The third assignment of error alleges that the court abused its discretion by failing to consider the factors in R.C. 2922.22 prior to the imposition of her sentence. After pronouncing judgment, the court ordered appellant to pay, *inter alia,* a $100 fine. On appeal, appellant argues the court did not abide by statutory sentencing guidelines when it assessed the fine without inquiring as to her ability to pay the fine and the hardship the fine could exact on her and her family.

■ R.C. 2929.22, which governs the imposition of sentencing for misdemeanor offenses, was enacted by the General Assembly in an effort to regulate the largely unbridled and unstructured discretion possessed by trial courts during the sentencing of criminal offenders. *Miamisburg v. Smith* (1982), 5 Ohio App.3d 109, 5 OBR 225, 449 N.E.2d 500. R.C. 2929.22(F) provides, in pertinent part, that a sentencing court:

" * * * shall not impose a fine * * * which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents * * *."

A sentencing court is under a mandatory duty to consider the factors set forth in the statute and the failure to do so amounts to an abuse of the court's discretion. *State v. Garfield* (1986), 34 Ohio App.3d 300, 518 N.E.2d 568; *Maple Hts. v. Dickard* (1986), 31 Ohio App.3d 68, 31 OBR 108, 508 N.E.2d 994.

Upon reviewing the dialogue which transpired between appellant and the court during sentencing, we agree with appellant that the court failed to take into consideration the hardship appellant and her dependents could incur as a result of the fine. The record shows the court simply ordered the sentence and gave appellant the option of either paying off the fine or working it off through community service work. Despite having knowledge that appellant was indigent, the court did not undertake any inquiry as to her employment

status nor did it investigate her ability to work off the fine. In light of the court's failure to comply with R.C. 2929.22(F), appellant's sentence must be reversed. The third assignment of error is sustained.

On the basis of the aforementioned, the judgment of the Madison County Municipal Court is hereby ordered reversed and appellant is discharged.

*Judgment reversed*
*and appellant discharged.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.