DECISION AND JUDGMENT ENTRY
This cause is before the court on appeal from the judgment and sentence of the Bryan Municipal Court which, following a bench trial, found appellant, Jason W. Stannard, guilty of menacing, in violation of R.C.2903.22. Appellant raises the following assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SENTENCING DEFENDANT-APPELLANT.
 "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED THE MOTION IN LIMINE MADE BY THE DEFENDANT-APPELLANT.
 "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ANNOUNCING THAT IT WOULD ALLOW TESTIMONY OF SPECIFIC PRIOR ACTS BY DEFENDANT-APPELLANT WHEN DEFENDANT-APPELLANT BEGAN TO OFFER OPINION EVIDENCE OF HIS CHARACTER."
Appellant was charged with one count of aggravated menacing, in violation of R.C. 2903.21, on January 25, 2000. The criminal complaint alleged that appellant knowingly caused another to believe that he would cause him serious physical harm, "to wit: by telling Craig Maley that he would f---ing kill him[.]" On February 2, 2000, appellant entered a plea of not guilty. A bench trial was held on April 5, 2000.
Prior to the commencement of trial, appellant made an oral motion inlimine seeking to exclude testimony regarding child custody disputes appellant had with state witness, Gwen Chapa. The trial court overruled the motion finding the motion to be untimely. The trial court further explained that it would, if the disputed testimony was presented during trial, evaluate its admissibility at that time.
The state's first witness, Craig Maley, testified that he had lived with Gwen Chapa for approximately eight or nine months. He stated that Chapa and appellant had two children together and maintained a shared parenting relationship. Maley testified that he had known appellant during the course of his relationship with Chapa and he was familiar with appellant's voice. Maley testified that he often, on a second telephone, listened to conversations between appellant and Chapa because they were often volatile. He stated that he would transcribe portions of their conversations in a notebook or whatever writing materials were available.
On January 7, 2000, Maley testified that he was listening to a conversation between appellant and Chapa, at his home in Williams County, Ohio, when appellant stated that he would "f---ing kill him." He testified that he believed the statement was directed toward him and that appellant would carry out the threat.
Gwen Chapa next testified that on January 7, 2000, she had a telephone conversation with appellant and he, with regard to Maley, stated "I don't know if he's ever had his ass kicked but I'll do it, * * *." She also testified that appellant stated: "If he ever touches my kids I'll kill him." She stated that she believed appellant would carry out his threat. The state then rested.
Appellant testified on his own behalf that the January 7, 2000 telephone conversation was decent. He testified that he never threatened Maley. Appellant believed that Chapa and Maley fabricated the substance of the telephone conversation due to custody issues.
On cross-examination, appellant stated that Chapa and he are often civil while speaking on the telephone when Maley is not present. He testified that, on January 7, 2000, during the telephone conversation at issue, he was not aware that Maley was in the home. Appellant stated that on that date, unlike other instances, he did not hear Maley pick up the telephone.
Appellant's counsel next called his brother, Eric, to testify regarding appellant's character. After a few preliminary questions, the trial court cautioned counsel that by introducing evidence as to appellant's character,
 "you're going to open the door here with some sort of opinion evidence, I'm going to then be, I'm certain, asked by the state to go ahead, at that point in time, and bring in testimony by his — one of the people as to how many times this man allegedly was supposed to have caused her physical harm in the past —"
Appellant's counsel argued that evidence of specific instances of conduct is not permitted. The trial court disagreed and appellant's counsel rested.
Immediately following the close of evidence, the trial court found appellant guilty of menacing, not aggravated menacing, and sentenced him to thirty day in jail and a $250 fine. The jail sentence was suspended conditioned upon no like violations for five years. Appellant then filed the instant appeal.
In his first assignment of error, appellant argues that the trial court abused its discretion in failing to consider the factors set forth in R.C. 2929.22, prior to sentencing. Specifically, appellant asserts that the record is silent as to the factors set forth in R.C. 2929.22, and, by reference R.C. 2929.12.
R.C. 2929.22 provides the criteria a trial court is to use in sentencing a misdemeanant. The relevant sections provide:
 "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 "(B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
"(a) The offender is a repeat or dangerous offender;
 "(b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 "(c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 "(2) If the offense is a violation of section 2919.25
or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender.
 "(C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 "(D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
 "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 "(F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
"* * *."
Prior to imposing sentence for a misdemeanor, the trial court must consider the factors set forth in R.C. 2929.22; the failure to do so is an abuse of discretion. A presumption of regularity exists as to the trial court's consideration of the statutory mitigating criteria absent an affirmative showing that it did not. State v. Hamann (Dec. 30, 1999), Ottawa App. No. TO-99-044, unreported; State v. Myles (Dec. 3, 1999), Ottawa App. No. TO-99-446, unreported. However, as to R.C. 2929.22(E) and (F), Ohio Appellate courts have imposed an affirmative duty on the trial court to justify its decision to impose both a jail term and fine.Hamann, citing State v. Polick (1995), 101 Ohio App.3d 428. Subsection (E) restricts the imposition of both sanctions unless a fine would deter the offender, the victim suffered physical harm to his person or property, or the offense was committed for hire or gain. As to subsection (F), "where a trial court fails to consider whether a defendant will be able to pay an imposed fine without undue hardship * * *, the court abuses its discretion." Polick at 432, citing State v. Stevens (1992),78 Ohio App.3d 847.
In the instant case, appellant was sentenced to the statutory maximum for a fourth degree misdemeanor, thirty days in jail and a $250 fine. See R.C. 2929.21(B)(4) and (C)(4). Upon review, we find that the trial court failed to affirmatively state a reason for imposing a jail term and fine or determine appellant's ability to pay a fine as required under R.C.2929.22(E) and (F). Accordingly, because we cannot presume that the trial court proceeded correctly, appellant's first assignment of error is well-taken.
In his second assignment or error, appellant contends that the trial court erroneously denied his motion in limine seeking to preclude prosecution witness testimony of alleged "prior bad acts" of appellant.
Prior to trial, appellant's counsel orally raised a motion in limine, the basis of which was the possibility that Chapa would testify as to certain events stemming from alleged child custody disputes. The trial court stated:
 "Well, I would certainly think that I will have control of the unnecessary bringing up of material. However, I believe this is a pre-trial motion and Rule 12(C) says, specifically, that all pre-trial motions, which, with the exception, of course, of discovery, shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier."
The trial court denied the motion on both of these bases.
We agree with appellant that Crim.R. 12(C) does not circumscribe the time for which a motion in limine must be raised in the trial court. "The power to grant the motion is not conferred by rule or statute, but instead lies within the inherent power and discretion of a trial court to control its proceedings." (Citations omitted.) State v. Grubb (1986),28 Ohio St.3d 199, 201.
Upon review of the record, we find that the trial court did actually rule on the merits of the motion, reserving its final judgment as to its relevancy until the disputed issue was raised at trial. At trial, Chapa attempted to testify as to the subject of the motion in limine; an objection was made and sustained. The trial court, as the trier of fact, was then required to disregard the testimony that was sustained on the objection; the record is devoid of evidence that it did not. Accordingly, appellant's second assignment of error is not well-taken.
In his third and final assignment of error, appellant disputes the trial court's statement, at the onset of his presentation of character testimony, that such testimony would allow the state to offer testimony relative to specific prior acts of appellant. Appellant proffers that, pursuant to Evid.R. 405, the state is limited to offering opinion or reputation testimony only, except on cross-examination. We disagree.
Evid.R. 404(A)(1) allows a defendant to offer evidence of a character trait, such as peacefulness, which is inconsistent with the crime charged. Once such evidence is presented, the prosecution may cross-examine the witness as to specific instances of conduct, in order to test his knowledge or familiarity of the accused. State v. Sims
(1981), 3 Ohio App.3d 321; R.C. 405(A). In addition to cross-examination, the prosecution may offer rebuttal evidence attacking the character of the accused. R.C. 404(A)(1). See Weissenberger, Ohio Evidence (1995), 28-29, Section 404.5. Appellant's third assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has not been done the party complaining. We find appellant's first assignment of error well-taken and reverse and remand the matter for further proceedings consistent with this opinion. Costs of this appeal shall be paid by appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.