[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 570.]

THE STATE OF OHIO, APPELLEE, *v*. BRADLEY, APPELLANT.

[Cite as *State v. Bradley*, 2001-Ohio-116.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to raise a genuine issue of ineffective assistance of appellate counsel—Court of appeals' denial of application to reopen appeal affirmed.*

(No. 00-1728—Submitted January 30, 2001—Decided June 6, 2001.)

APPEAL from the Court of Appeals for Scioto County, No. 1583.

_____

*Per Curiam.*

{¶ 1} Appellant, William J. Bradley, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Bradley was convicted of aggravated murder and sentenced to death. The Court of Appeals for Scioto County affirmed his conviction and sentence. *State v. Bradley* (Sept. 22, 1987), Scioto App. No. 1583, unreported, 1987 WL 17303. We affirmed the court of appeals' judgment. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. The Supreme Court of the United States denied certiorari. *Bradley v. Ohio* (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768.

{¶ 3} On February 1, 2000, Bradley filed an App.R. 26(B) application in the court of appeals. App.R. 26(B)(1) requires that an application to reopen be filed within ninety days from journalization of the judgment, absent good cause for filing later. The court of appeals found that Bradley had failed to show good cause for not filing his application until February 1, 2000.

{¶ 4} App.R. 26(B)(5) also requires that the applicant show "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The court of appeals found that Bradley's application failed to clear this hurdle as well, remarking that "even if the application was considered on its merits we would still find no 'genuine issues' as to whether [Bradley] was deprived of effective assistance of appellate counsel." Accordingly, the court of appeals denied the application to reopen Bradley's direct appeal. From that denial, Bradley appeals.

{¶ 5} *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, sets forth the standard for judging ineffective-assistance claims: "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Furthermore, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. See, also, *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.

{¶ 6} *Strickland* charges us to "[apply] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987.

{¶ 7} The two-part *Strickland* test "is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5)." *State v. Spivey* (1998), 84

Ohio St.3d 24, 25, 701 N.E.2d 696, 697. Applying the *Strickland* test, we agree with the court of appeals' conclusion that Bradley has failed to raise a genuine issue of ineffective assistance of counsel. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

*David H. Bodiker*, Ohio Public Defender, and *Angela Miller*, Assistant State Public Defender, for appellant.

————————