DECISION AND JUDGMENT ENTRY
Jacquelyn S. Tilley appeals the conviction and sentence entered by the Hocking County Municipal Court finding her guilty of petty theft in violation of Logan Codified Ordinances 131.08(A)(1). She raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, ABUSED ITS DISCRETION, AND VIOLATED MS. TILLEY'S RIGHTS UNDER THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT OVERRULED HER MOTION FOR ACQUITTAL UNDER CRIM. R. 29(A).
 SECOND ASSIGNMENT OF ERROR
 THE GUILTY VERDICT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE. ACCORDINGLY, MS. TILLEY'S CONVICTION VIOLATED HER RIGHT TO DUE PROCESS UNDER SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 THIRD ASSIGNMENT OF ERROR
 MS. TILLEY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE ONE OF THE OHIO CONSTITUTION.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MS. TILLEY HER RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY SENTENCING HER TO BOTH A JAIL TERM AND A FINE WITHOUT MAKING THE FINDING REQUIRED UNDER R.C. § 2929.22(E).
 FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MS. TILLEY HER RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY IMPOSING A FINE WITHOUT INQUIRING INTO HER ABILITY TO PAY WITHOUT UNDUE HARDSHIP, AS REQUIRED UNDER R.C. § 2929.22(F).
Finding merit in appellant's fifth assignment of error, we reverse and remand the case for re-sentencing, but affirm the remainder of the trial court's judgment.
A trial to the court produced the following evidence. In December, 2000, appellant entered the Ames Department Store ("Ames") in Logan, Ohio. Upon entering Ames, she proceeded to the electronics department, where the videocassette tapes are located. Mark Moore, the store's security officer, testified that he observed appellant take several tapes off the shelves. He also testified that he saw appellant leave the electronics department, place two of the tapes in her purse, and then give the remaining tapes to an Ames' employee to take to the layaway department.
Betty Glenn, an employee of Ames, testified that appellant gave her several tapes that day to take to the layaway department. When Ms. Glenn asked appellant about the remaining tapes she had with her, appellant replied that she would "take care of them." When Tilley left the Ames store, Mr. Moore apprehended her in the parking lot and took her back into the store's office. Appellant retrieved two tapes, "Tarzan" and "Toy Story 2", from her purse and gave them to Moore. She also showed Moore a stack of cash register receipts, claiming to have brought the tapes back into the store with her in order to obtain a price adjustment.
Bradley Little, the manager of Ames, testified about the store's layaway and price adjustment policies. At the close of the city's case, Tilley's counsel moved for dismissal under Crim.R. 29(A), arguing that the city's evidence was insufficient to support a conviction. The court denied the motion.
The appellant testified on her own behalf. She stated that she had gone to Ames that day under the impression that two tapes she had previously purchased on layaway, "Tarzan" and "Toy Story 2", were on or had been on sale; therefore, she was only there to obtain a price adjustment. Appellant testified that she did not give any other tapes to a store employee to place on layaway that day. In addition, appellant acknowledged that she had previously been employed at Ames and that she had a prior shoplifting conviction for stealing merchandise from this same Ames store. Appellant stated that she was aware that price adjustments were given at the service desk at the front of the store. She did not dispute the fact that she never stopped at the service desk on the day in question.
The court found appellant guilty of petty theft. The judge sentenced her to 180 days in jail, with 120 days suspended, a $1,000 fine, with a $200 credit for counseling, and court costs. Appellant filed a timely notice of appeal.
Appellant's third assignment of error, claiming ineffective assistance of counsel, incorporates many of the other arguments made in her brief. Since our disposition of the other assignments affects the ineffective assistance of counsel claim, we will discuss it last. In addition, given the fact that both the first and second assignments of error address the sufficiency of the evidence presented at trial, we will consider them together. See State v. Williams (1996), 74 Ohio St.3d 569, 576,660 N.E.2d 724, 732.
In her first and second assignments of error, Tilley contends that her conviction should be reversed since the state failed to submit proof beyond a reasonable doubt that Ames owned the tapes found in her possession. An appellate court's function in a sufficiency of the evidence context is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Clemons (1998),82 Ohio St.3d 438, 444, 696 N.E.2d 1009, 1016, citing State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. We must decide, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. See, also, State v. Mootispaw (1996),110 Ohio App.3d 566, 569, 674 N.E.2d 1222, 1223-1224.
Logan Ordinance 131.08(A)(1)[1], under which appellant was charged, states:
 No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent.
Appellant claims that the state failed to prove: (1) that the two tapes were the property of Ames department store and (2) that she removed the tapes from the store without permission to do so.
Both of appellant's arguments focus on her defense that she previously purchased the tapes and had them in her purse when she entered the store because she sought a partial refund. While her defense may be logically plausible to some trier of fact, that is not the test we must use when reviewing a trial court's denial of a Crim.R. 29(A) motion for acquittal. Rather than testing the logical persuasiveness of the respective evidence of the parties, Crim.R. 29(A) tests the legal
adequacy of the state's case. We simply look to see whether the state presented evidence from which a rational fact finder could conclude all the elements of the crime have been proven beyond a reasonable doubt. This process does not involve weighing of the evidence or credibility determinations. Rather, we focus on the state's prima facie case to see if it includes believable evidence on all the elements of the crime so that a rational fact finder could conclude that the defendant is guilty beyond a reasonable doubt.
The state presented the testimony of Mr. Moore, the security officer, who indicated that he observed the appellant selecting movies in the electronics department. He testified that he followed her around the store and saw her place two of the movies in her purse. Appellant then left the store without paying for the two tapes in her purse. Moreover, the state presented a statement signed by the appellant, in which she admitted to taking the two tapes without paying for them. We find that the state introduced sufficient evidence for a rational finder of fact to conclude that appellant was guilty of petty theft beyond a reasonable doubt. Therefore, the trial court properly denied appellant's Crim.R. 29(A) motion for acquittal. Appellant's first assignment of error is overruled.
Appellant's second assignment of error purports to also challenge the legal sufficiency of the state's case. To the extent that it does, we reject it on the same basis as we used to dispose of the first assignment of error. However, both these assignments of error seem to suggest that the appellant's version of the events is more credible than that of the state. Thus, in the interests of justice we will also consider her arguments under a manifest weight of the evidence standard of review.
Although a verdict is supported by sufficient evidence, a court of appeals may nevertheless conclude that the verdict is against the manifest weight of the evidence. State v. Banks (1992), 78 Ohio App.3d 206, 214,604 N.E.2d 219, 225. A sufficiency of the evidence challenge tests whether the state's case is legally adequate to go to a jury in that it contains prima facie evidence of all of the elements of the charges offense. State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-721. A weight of the evidence argument merely tests the rational adequacy, i.e., persuasiveness of the evidence. The two tests are distinct, notwithstanding dicta to the contrary in State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Johnson
(1991), 58 Ohio St.3d 40, 42, 567 N.E.2d 266, 268; State v. Eskridge
(1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.Elyria v. Tress (1991), 73 Ohio App.3d 5, 7, 595 N.E.2d 1031, 1033, citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
Although her explanation for having the tapes might seem plausible, the court chose not to believe appellant's testimony. One reason the court may have rejected her story lies in the fact that Tilley did not need to bring the tapes with her to obtain a price adjustment. As a former employee, she should have known that she only had to take the cash register receipts into the store with her to obtain the price adjustment. Additionally, if Tilley's sole purpose for being in the store was to obtain a price adjustment, she could have gone straight to the service desk, which as she knew, is the proper place to receive a price adjustment. Instead, she proceeded to the electronics department where the tapes are located. Additionally, Mr. Moore testified that he followed appellant around the store and actually saw her put the two tapes in her purse. Finally, she signed a statement that contained an admission of her guilt. When viewing the evidence in a light most favorable to appellee, these facts are enough to lead a rational trier of fact to conclude that Tilley knowingly took the tapes from Ames without permission to do so. To the extent that they address a manifest weight of the evidence issue, appellant's first and second assignments of error are also overruled.
In her fourth and fifth assignments of error, appellant argues that the trial court erred when it failed to comply with R.C. 2929.22(E) and R.C.2929.22(F) when sentencing her to both a jail term and a fine. A trial court generally has broad discretion when sentencing a defendant for a misdemeanor. Columbus v. Jones (1987), 39 Ohio App.3d 87, 88,529 N.E.2d 947, 948-949. Thus, when we consider a claim that the trial court erred in imposing a particular sentence, we must determine whether the trial court abused its discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. FranklinCty. Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506, 589 N.E.2d 24, 30-31; Wilmington Steel Products, Inc. v. ClevelandElec. Illum. Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622,624-625. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181,1184-1185, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301, 1308-1309.
R.C. 2929.22 provides:
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender[.] * * *
 The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents[.]
R.C. 2929.22 (E) and (F) impose an affirmative duty on the trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Polick (1995), 101 Ohio App.3d 428, 432,655 N.E.2d 820, 822.
In sentencing Tilley, the trial court noted that this was appellant's second offense and that appellant could not just "keep doing business like this." We find this explanation by the trial court to be sufficient to satisfy R.C. 2929.22(E). From the trial court's statements, it is apparent that the trial court felt both a fine and a jail term were necessary to deter future offenses and to aid the appellant in correcting her behavior. We cannot say that the trial court abused its discretion in that regard.
However, when a trial court fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C. 2929.22(F), the court abuses its discretion. Polick, supra,101 Ohio App.3d at 432, 655 N.E.2d at 822; State v. Stevens (1992),78 Ohio App.3d 847, 851, 606 N.E.2d 970, 973. The record here indicates that the court had previously appointed counsel for appellant for her trial. Thus, the trial court was aware of appellant's lack of financial resources. Appellant also indicated that she had two small children and was separated from her husband, which again indicated her lack of resources to pay a fine. Given these circumstances, the trial court's failure to inquire into appellant's employment status or her ability to work off the fine was an abuse of discretion. Consequently, appellant's fifth assignment of error is sustained and we remand the case in that regard. We are not holding that a fine is improper in this case. We hold only that the trial court should have inquired into the appellant's ability to pay prior to reaching a decision on that issue.
In her third assignment of error, appellant claims she was denied effective assistance of counsel. Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. State v. Smith (2000), 89 Ohio St.3d 323, 327, 731 N.E.2d 645,651, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373, 380. Defense counsel's representation must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance. Bradley, supra,42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. White (1998), 82 Ohio St.3d 16,23, 693 N.E.2d 772, 779. In pursuing a claim of ineffective assistance of counsel, a defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. See Strickland, supra.
Appellant first argues that her trial counsel was ineffective because he failed to renew her motion for acquittal under Crim.R. 29(A) at the close of all the evidence. Our analysis of appellant's first assignment of error concluded that such a motion was meritless. Counsel is not required to raise meritless issues. State v. Tibbetts (2001),92 Ohio St.3d 146, 164-165, 749 N.E.2d 226, 252; State v. Bradley
(2001), 91 Ohio St.3d 570, 571, 747 N.E.2d 819, 820. See, also, State v.Fields (1995), 102 Ohio App.3d 284, 289, 656 N.E.2d 1383, 1386.Appellant next asserts that her trial counsel was ineffective for failing to object to her sentence at the time it was imposed. She claims that her counsel should have objected to the trial court's failure to abide by R.C.2929.22(E) and R.C. 2929.22(F). In our analysis of appellant's fourth assignment of error, we held that the trial court complied with the requirements of R.C. 2929.22(E). Thus, counsel was not deficient in this regard. However, since we have already reversed and remanded the case for reconsideration of appellant's sentence in light of R.C. 2929.22(F), the issue of counsel's performance in that context is moot. Appellant's third assignment of error is overruled.
Based on the foregoing reasons, this matter is remanded to the trial court to reconsider the fine portion of appellant's sentence in light of R.C. 2929.22(F).
Judgment affirmed in part, reversed in part and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Logan City Ordinance 131.08(A)(1) is identical to Ohio's theft statute. See R.C. 2913.02(A)(1).