DECISION AND JUDGMENT ENTRY
Evelyn West appeals her convictions and sentence for interference with custody and obstruction of official business. She assigns the following errors:
FIRST ASSIGNMENT OF ERROR
 THE CONVICTION ON THE CHARGE OF INTERFERING WITH CUSTODY IS NOT SUPPORTED BY SUFFICIENT EVIDENCE. ACCORDINGLY, MS. WEST'S CONVICTION VIOLATED HER RIGHT TO DUE PROCESS UNDER SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MS. WEST HER RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY SENTENCING HER TO BOTH JAIL TERMS AND FINES WITHOUT MAKING THE FINDING REQUIRED UNDER R.C. § 2929.22(E).
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MS. WEST HER RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY IMPOSING A FINE WITHOUT INQUIRING INTO HER ABILITY TO PAY WITHOUT UNDUE HARDSHIP, AS REQUIRED UNDER R.C. § 2929.22(F).
 FOURTH ASSIGNMENT OF ERROR
 MS. WEST WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE ONE OF THE OHIO CONSTITUTION.
Finding merit in appellant's second and third assignments of error, we reverse and remand this case for resentencing. We affirm the remainder of the trial court's judgment.
Evelyn West and Jeff West are the parents of five children, including two boys, Austin and Evan. In 1998, the Highland County Court of Common Pleas named Mr. West the residential parent of the children, and granted appellant visitation. According to the "Standardized Recommendation for Visitation" ordered by the court, appellant received visitation on alternate weekends.
On Friday, February 2, 2001, Mrs. West picked up Austin and Evan for her weekend visitation. The boys were to return to their father on Sunday, February 4, 2001. However, problems arose when Mrs. West did not return the boys as required by the visitation order. Nor did she call or otherwise contact Mr. West to explain the delay in returning the children. Mr. West attempted to call appellant up until 10:00 p.m. on Sunday night. However, there was no answer. Subsequently, Mr. West sent their two daughters over to appellant's house to pick up the boys. Upon arrival, appellant refused to speak to the girls and told them to "get off [the] property."
On Monday, February 5, 2001, Mr. West filed a motion and obtained an order from the Highland County Court of Common Pleas directing appellant to return the children to him. He delivered the order to the Highland County Sheriff's Department for execution. On February 6, 2001, officers attempted to serve the court order upon appellant at her residence. The officers heard noises coming from inside the house, but no one answered the door. Officers also noticed a car, which was registered to appellant, sitting in the garage. The officers then left appellant's residence and obtained a search warrant.
Upon return to appellant's residence, one of the officers announced their presence and that they had a search warrant. Receiving no answer, the officers tried to pry open the door, which was barricaded with a chair. Mrs. West then came to the door demanding to see the search warrant. She opened the door just enough to have the search warrant handed to her. She then attempted to close the door on the officers. At that point, one of the officers kicked in the door and gained entry into the residence. They arrested appellant and took her into custody. The two boys returned to their father.
The State charged appellant with interference with custody under R.C.2919.23 and obstruction of official business under R.C. 2921.31. At her jury trial, appellant testified that she had overextended the boys' stay because she wanted to take them to the dentist on Monday, February 5. She indicated that she had previously sent a note to Mr. West, detailing her intentions. Mr. West testified that he received no such communication. Appellant also testified that she was unable to return the boys or contact Mr. West because her car was broken down and her phone had stopped working.
The jury found appellant guilty on both counts. Following a hearing, the court sentenced appellant to 90 days in jail, with 90 days suspended, and a $750 fine, with $750 suspended, for the obstruction of official business charge. For the interference with custody charge, the court sentenced appellant to 90 days in jail with 85 days suspended and a $1000 fine with $900 suspended on the condition that appellant obtain anger management counseling.
In her first assignment of error, appellant argues that her conviction for interference with custody is not supported by sufficient evidence. An appellate court's function in a sufficiency of the evidence context is to examine the evidence admitted at trial to determine whether that evidence, if believed, could convince a rational juror of the defendant's guilt beyond a reasonable doubt. State v. Clemons (1998),82 Ohio St.3d 438, 444, 696 N.E.2d 1009, 1016, citing State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. We must decide, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. See, also, State v. Mootispaw (1996),110 Ohio App.3d 566, 569, 674 N.E.2d 1222, 1223-1224.
R.C. 2919.23(A)(1), interference with custody states[1]:
 No person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor * * * [a] child under the age of eighteen.
Appellant contends that the state failed to prove the mens rea element of the crime. In essence, appellant is arguing that the State failed to prove she knowingly or recklessly kept the two children in violation of the court's February 5, 2001 order.
During the trial, the state presented the 1998 judgment entry that specified Mr. West as the residential parent and granted Mrs. West visitation on alternate weekends. This order modified the couple's prior custody arrangement and changed residential custody from Mrs. West to Mr. West. It is difficult to imagine that appellant was not well-aware of the court order and visitation arrangement since the children moved from her residence as a result of it. Moreover, it had been in effect over two years. When she kept the boys past Sunday night and failed to notify their father, she was in violation of the trial court's June 11, 1998 order, which granted her weekend visitation. At that point, she had knowingly kept the children without privilege to do so in violation of R.C. 2919.23. See State v. Brickles (Sept. 3, 1999), Montgomery App. No. 17526, unreported, (holding that a parent with visitation rights is guilty of violating R.C. 2919.23 if he keeps the child without privilege to do so); State v. Skelly (Dec. 7, 1992), Montgomery App. No. 13306, unreported, (stating that a domestic relations order was relevant to determining whether a violation of R.C. 2919.23 had occurred).
Nonetheless, appellant argues that she could not have "knowingly" or "recklessly" kept the children because she was not aware of the February 5, 2001 court order directing her to return the children to Mr. West. This argument is specious. The February 5, 2001 court order was merely a directive that sought to enforce the court's original June 11, 1998 entry. The February 5, 2001 order did not create a new custody or visitation arrangement. For purposes of her prosecution, the June 1998 order defines the custody status of the children and the appellant. Therefore, the fact that she was not aware of the latter order is not important. She was keeping the two boys in violation of the custody and visitation order when she failed to return them to their father on Sunday evening. Her knowledge of the court's efforts to enforce its prior order simply is not relevant. Consequently, appellant's first assignment of error is overruled.
In her second and third assignments of error, appellant argues that the trial court erred when it failed to comply with R.C. 2929.22(E) and R.C.2929.22(F) when sentencing her to both a jail term and a fine. A trial court generally has broad discretion when sentencing a defendant for a misdemeanor. Columbus v. Jones (1987), 39 Ohio App.3d 87, 88,529 N.E.2d 947, 948-949. Thus, when we consider a claim that the trial court erred in imposing a particular sentence, we must determine whether the trial court abused its discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506,589 N.E.2d 24, 30-31; Wilmington Steel Products, Inc. v. Cleveland Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624-625. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184-1185, citingBerk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308-1309.
R.C. 2929.22 provides:
 The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents[.]
R.C. 2929.22(E) and (F) impose an affirmative duty on the trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Polick (1995), 101 Ohio App.3d 428, 432,655 N.E.2d 820, 822. In addition, a trial court abuses its discretion when it fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C. 2929.22(F). Id.; State v.Stevens (1992), 78 Ohio App.3d 847, 851, 606 N.E.2d 970, 973.
After a thorough review of the transcript, we conclude that the trial court failed to comply with both R.C. 2929.22(E) and (F). The trial court failed to supply any sort of reason why a fine and jail term were warranted in this case. Furthermore, there is nothing in the transcript indicating that the trial court properly inquired into appellant's ability to pay the fines to the extent that the court did not suspend them. The court was already on notice of appellant's indigency, given that she was represented by appointed counsel and that she expressly stated at the hearing, "I'm an indigent mother." Under these circumstances, the trial court abused its discretion when it imposed a fine and a jail term without making the required findings. Accordingly, we sustain appellant's second and third assignments of error and remand the case for resentencing.
In her fourth assignment of error, appellant claims she was denied effective assistance of counsel. Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. State v. Smith (2000), 89 Ohio St.3d 323, 327,731 N.E.2d 645, 651, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373, 380. Defense counsel's representation must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance. Bradley, supra,42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. White (1998), 82 Ohio St.3d 16,23, 693 N.E.2d 772, 779. In pursuing a claim of ineffective assistance of counsel, a defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. See Strickland, supra.
Appellant first asserts that her trial counsel was ineffective for failing to move for an acquittal on the interference with custody charge. Since a Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence, our analysis of appellant's first assignment of error leads to the conclusion that this argument has no merit. See State v.Williams (1996), 74 Ohio St.3d 569, 576, 660 N.E.2d 724, 732. Counsel is not required to raise meritless issues. State v. Tibbetts (2001),92 Ohio St.3d 146, 164-165, 749 N.E.2d 226, 252; State v. Bradley
(2001), 91 Ohio St.3d 570, 571, 747 N.E.2d 819, 820. See, also, State v.Fields (1995), 102 Ohio App.3d 284, 289, 656 N.E.2d 1383, 1386. Thus, appellant's counsel was not ineffective in this regard.
Appellant next argues that her trial counsel was ineffective for failing to object to her sentence at the time it was imposed. She claims that her counsel should have objected to the trial court's failure to meet the requirements set out in R.C. 2929.22(E) and (F). We have already determined that the trial court failed to comply with the statutes. However, since we are reversing and remanding the case in light of the statutory criteria, the ineffective assistance of counsel argument is moot. Appellant's fourth assignment of error is overruled.
This case is remanded to the trial court for resentencing in light of R.C. 2929.22(E) and (F).
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Appellant was also convicted of obstruction of official business in violation of R.C. 2921.31. However, appellant makes no argument regarding the sufficiency of the evidence on that conviction. Thus, only the interference with custody charge will be addressed.